### 2001. BECKWORTH *v.* PHILLIPS.

POWELL, J. 1. Verdicts and judgments are usually conclusive only upon parties and privies. The prosecutor is not such a party and has not such privity in a criminal prosecution as to make the verdict rendered in the criminal case binding on him in a civil case brought for the redressing of the same alleged wrong. *Powell* v. *Wiley,* 125 *Ga.* 823 (54 S. E. 732), and cit.

2. Where a defendant in a civil action for assault and battery attempts to justify or to mitigate on account of opprobrious language used to him by the plaintiff, the questions whether the language used was opprobrious, and whether it was such as to amount to justification or mitigation, are exclusively for the jury, and it is not incumbent upon the court, either with or without request, to charge the jury that particular words are opprobrious. *Thompson* v. *Shelverton,* 131 *Ga.* 714 (63 S. E. 220; *Fish* v. *State,* 124 *Ga.* 416 (52 S. E. 737).

3. In an action for assault and battery, especially where there is a prayer for punitive damages, the enlightened conscience of the jury affords the measure.

4. It is not error for the court to refuse to allow the defendant to prove an act of justification or mitigation not pleaded. Especially is this true where the alleged conduct of the plaintiff was remote from the assault.

5. The evidence supports the verdict.

*Judgment affirmed.*

Action for damages, from city court of Mount Vernon—Judge Griffin presiding. May 26, 1909.

Submitted October 26,—Decided November 9, 1909.

*J. B. Geiger,* for plaintiff in error.

*M. B. Calhoun, L. C. Underwood, Eugene Talmadge,* contra.