## 10523.  WEATHERS v. THE STATE.

LUKE, J.  1. Where the president of a bank, by reason of his official position with it, embezzles its funds by drawing them by checks issued in another county, the venue of the crime is not improperly laid in the county in which the bank is situated.  See *Mangham* v. *State*, 11 *Ga. App.* 427 (2), 436 (75 S. E. 512); *Rose* v. *State*, 4 *Ga. App.* 588 (62 S. E. 117).

2. The evidence in this case authorized the verdict, which has the approval of the trial judge, and for no reason assigned did the court err in overruling the motion for a new trial.

<em>Judgment affirmed.  Broyles, C. J., and Bloodworth, J., concur.</em>

DECIDED NOVEMBER 5, 1919.

Indictment for embezzlement; from Berrien superior court— Judge Thomas.  March 28, 1919.

Application for certiorari was denied by the Supreme Court.

A. H. Weathers was president of the Weathers Banking Company, a corporation of this State, of which the Peoples Bank of Enigma, located in Berrien county, Georgia, and the Farmers & Merchants Bank of Ambrose, located in Coffee county, were branches.  The indictment was in two counts, one charging embezzlement of $1,987 in money, and the other charging embezzlement of a draft for that amount, in Berrien county, on December 12, 1916.  There was a general verdict of guilty.  From the evidence it appears that the draft referred to was drawn in the name of the Peoples Bank of Enigma, by its cashier, who sent it to the defendant at his request, and that the defendant collected the draft and used the proceeds for himself.  In the motion for a new trial it was contended that the verdict was unauthorized, for the reason that the evidence showed that if the defendant embezzled the draft or money described, the offense was committed in Coffee county, and not in Berrien county; that there was no evidence that he formed an intent to commit the offense before the draft actually came into his possession in Coffee county; that the evidence showed that the draft was forwarded to him for the use of the Farmers & Merchants Bank of Ambrose, and that it immediately became the property of that bank, and if he committed the offense of embezzlement, he embezzled the property and funds of that bank, and not of the Peoples Bank.  It was alleged that the court erred in charging the jury as follows: "If you believe from the evidence in this case that the defendant, A. H. Weathers, was president of the bank as alleged in the indictment, and you further believe that as such president of such

bank he was intrusted with the keeping, care, and safety of the money, property, and effects of such bank, and you further believe that while so entrusted (if you believe that he was thus entrusted) he did take, did unlawfully steal, secrete, or fraudulently take and carry away, by any means whatever, any of the funds of such bank, then it would be your duty to find him guilty as charged." It was contended that this charge was error because: (a) It in effect authorized and instructed the jury to find the defendant guilty if they found that he took any of the funds of the bank, no matter how small the amount and no matter whether the funds taken were a part of the funds described in the indictment or not. (b) It authorized the jury to find the defendant guilty if he took and carried away any of the funds of the bank, regardless of whether the taking and carrying away were in Berrien county or not, or whether the offense was committed in Coffee county and not in Berrien. It was alleged also that the court erred in failing to give certain instructions as to venue. Another ground of the motion for a new trial was based on alleged newly discovered evidence.

*J. P. Knight, William Story, W. C. Langford, W. W. Bennett,* for plaintiff in error.

*C. E. Hay, solicitor-general, W. D. Buie,* contra.