30518.   HEAD *v.* JOHN DEERE PLOW COMPANY.

DECIDED JUNE 7, 1944.

*Highsmith & Highsmith,* for plaintiff in error. *Jones, Williams & Dorsey, Wilson, Bennett, Pedrick & Bennett,* contra.

SUTTON, P. J. This case has been here once before, and was reversed on an assignment of error on the charge of the court. *John Deere Plow Co.* v. *Head,* 68 *Ga. App.* 502 (23 S. E. 2d, 523). This was an attachment proceeding by John Deere Plow Company against B. J. Head to recover $670, besides interest, as the balance of the purchase-money for a tractor and a disc harrow, which had been purchased by the defendant under a retention-of-title contract and notes, copies of these instruments being attached to the declaration in attachment. The defendant filed an answer, admitting the indebtedness on the notes declared upon, and set up a cross-claim against the plaintiff for damages in the sum of $2,500, alleging that the plaintiff, through its collecting agent, when he went to the defendant's home to collect the notes, committed an unlawful and unprovoked assault upon the defendant, and that the assault was a wilful, wanton, and intentional wrong; that said agent invaded the premises of the defendant and wrongfully and illegally took possession of the tractor, and drove it out of his field and off of his premises into the road where the defendant stopped him, and that this constituted a wilful, wanton, and intentional wrong and trespass; that the defendant was embarrassed and humiliated and his feelings were wounded both by the alleged assault and by the alleged trespass; and punitive damages for $2,500 were sought and prayed for, and it was asked that a sufficient amount thereof be applied in extinguishment of the principal and interest due the plaintiff for the tractor and harrow.

The jury returned a verdict in favor of the plaintiff for the full amount of principal and interest on the notes sued on. The defendant made a motion for a new trial, and by amendment added certain special grounds. The exception here is to the judgment overruling the motion for a new trial.

■ In special ground 1 of the motion error is assigned on the ruling of the court allowing counsel for the plaintiff, over objection by counsel for the defendant, to question the defendant about dealings and transactions with other persons not connected with the transactions involved in the present case, one of which was as follows: "Q. Did you have a shooting scrape right here in Alma about three and a half years ago—some fellow came on your car and you shot at him? A. Came on my car? Q. Yes. A. Some fellow chased me around my truck four or five times and I told him to stop, and I shot between his legs a couple of times and told him to slow down. Q. Mr. Head, was he trying to collect a bill out of you? A. Was he trying to collect a bill? Q. Yes. A. Oh, he claimed that I owed a bill, but I didn't owe him anything. Q. It is kind of dangerous to try to collect a bill from you, isn't it? A. No, sir; I think I have paid as many bills as any man in the county." We are of the opinion that this evidence was inadmissible and harmful to the defendant, and that the court erred in permitting counsel for the plaintiff so to interrogate the defendant. "The general character of the parties, and especially their conduct in other transactions, are irrelevant matter, unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct." Code, § 38-202; *Smith* v. *Adair,* 61 *Ga.* 281; *Merchants National Bank* v. *Greenwood,* 113 *Ga.* 306 (38 S. E. 826) ; *Quinton* v. *Peck,* 195 *Ga.* 299, 303 (5) (24 S. E. 2d, 36) ; *Hollomon* v. *Hopson,* 45 *Ga. App.* 762, 765 (8) (166 S. E. 45).

■ It was not error, as contended in special ground 2 of the motion, for the court to require the defendant, while being cross-examined by counsel for the plaintiff, to read aloud certain portions of the retention-title contract, which had been introduced in evidence.

■ Grounds 3, 4, 5, and 6 complain of certain portions of the charge of the court, but it is not deemed necessary to set these out in detail. The defendant in his cross-action, and in the prayer thereto, sought to recover punitive damages for wounded feelings,

based on an alleged wilful, wanton, and intentional assault, and on an alleged wilful, wanton, and intentional trespass. The court, in effect, instructed the jury that the defendant could recover such damages for wounded feelings, if the agent of the plaintiff without justification committed a wilful, wanton, and intentional assault upon the defendant, or if said agent wrongfully committed a wilful and wanton trespass as alleged in the cross-action. The court's instruction in this respect followed the principle of law laid down in *Southern Railway Co.* v. *O'Bryan,* 119 *Ga.* 147 (45 S. E. 1000), where it was ruled: "To authorize the imposition of punitive or exemplary damages there must be evidence of wilful misconduct, malice, fraud, wantonness, or oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences." For rulings to the same effect, see *Jacobus* v. *Congregation of the Children of Israel,* 107 *Ga.* 518 (33 S. E. 853, 73 Am. St. R. 141) ; *Yopp* v. *Johnson,* 51 *Ga. App.* 925 (181 S. E. 596) ; *Duncan* v. *Ellis,* 63 *Ga. App.* 687 (11 S. E. 2d, 841). The charge with respect to justification for the alleged assault and the alleged trespass, that is, as to the conditions and circumstances under which it would have been permissible for the agent of the plaintiff to have taken possession of the tractor, was not erroneous as against the defendant.

■ As above stated, the defendant sought to recover only punitive damages for the alleged wilful and wanton assault and trespass. He denominated the damages sued for as "punitive," both in the allegations in his cross-action and in the prayer. The court gave in charge to the jury the Code, § 105-2002, which is as follows: "In every tort there may be aggravating circumstances, either in the act or the intention, and in that event the jury may give additional damages, either to deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings of the plaintiff." The court did not tell the jury how to measure such damages. The only measure for punitive damages for wounded feelings is the enlightened conscience of impartial jurors, and the court should have so instructed the jury. "The measure of damages, where exemplary or punitive damages are recoverable, as prescribed by law, is to be fixed by the enlightened conscience of an impartial jury." *Selman* v. *Barnett,* 4 *Ga. App.* 375 (2) (61 S. E. 501) ; *Beckworth* v. *Phillips,* 6 *Ga. App.* 859 (3) (65 S. E. 1075). It

is true that the finding was in favor of the plaintiff and against the defendant; but the failure of the court to give the jury the rule for measuring the only damages sued for in this case may have entered into and affected their finding on the question of liability or nonliability of the plaintiff. In these circumstances, the court erred in failing to instruct the jury as to the measure of damages.

■ The court erred in overruling the defendant's motion for a new trial for the reasons stated in divisions 1 and 4 of this opinion.

*Judgment reversed. Felton, J., concurs.*

PARKER, J., dissenting in part. I dissent from the rulings announced in division 4 of the opinion and the corresponding headnote. I concur in all other rulings and in the judgment.