30712. HALL *v.* NATIONAL SURETY CORPORATION *et al.*

DECIDED JUNE 30, 1945.

*H. G. Rawls, Leonard Farkas, Walter H. Burt,* for plaintiff.
*Harry S. McCowen, Robert B. Short,* for defendants.

BROYLES, C. J. (After stating the foregoing facts.) ■ We do not think that the court erred in sustaining the demurrer to the paragraphs of the petition asking for the recovery of attorney's fees, in addition to the penal sum stipulated in the bond. Section 56-706 of the Code, allowing the "holder" of an insurance policy to recover, in addition to the sum named in the policy, reasonable attorney's fees, under certain conditions, is shown, by the language employed in the section, not to be applicable to the facts of this case. Likewise, *National Surety Corporation* v. *Gatlin,* 192 Ga. 293 (15 S. E. 2d, 180), cited in behalf of the plaintiff, is not here applicable, for there the question as to the recovery of attorney's

fees, in addition to the penal sum stipulated in the bond, was not involved. And the other cases and authorities cited by counsel for the plaintiff are not controlling in the instant case. In the plaintiff's brief the only point argued on the sustaining of the demurrer is in regard to attorney's fees.

■ As to the general grounds of the motion for new trial, the controlling question is: Was there any evidence in the case authorizing the jury to find that neither the defendant sheriff, nor either of his two deputies, employed more force than was necessary to accomplish the arrest of the plaintiff's husband? On this question the evidence was conflicting. The evidence for the plaintiff was amply sufficient to have authorized a finding for her. But we can not hold that there was no evidence to support the verdict returned. It is true that the record shows that the defendant sheriff was convicted, in the United States District Court for the Middle District of Georgia, of the federal offense of depriving a citizen of the United States of a right which the 14th amendment protects. The judgment in that case was affirmed by the Circuit Court of Appeals, 140 Fed. 2d, 662, that court holding: "The jury has found, under the overwhelming weight of the testimony, that the beating of the said Robert Hall to his death by the defendants was without justification and not in necessary self-defense and not in the exercise of such force as was reasonably necessary to make a lawful arrest or to repel an assault." While the transaction in that case was the identical transaction in this case, it appears from the present record that some of the witnesses in this case did not testify in the Federal case and the evidence was not the same in both cases. Moreover, we have hereinbefore ruled that the evidence in this case would have amply authorized the jury to return a verdict for the plaintiff. So there is no conflict between the ruling in that case and our present ruling. In this case the evidence did not demand a verdict for the plaintiff, and there was some evidence authorizing the verdict returned. The court delivered an exceptionally able, fair, and full charge; and, in effect, clearly instructed the jury that, if they believed from the evidence that the sheriff or either of his two deputies had used more force than was necessary to make the arrest of the plaintiff's husband, they should return a verdict for the plaintiff. The court further instructed the jury: "When an officer has

a prisoner in his custody, he is authorized to use all the force necessary to make the arrest effectual; and, if the prisoner resisted, the officer would be justified in using such force as was necessary to make the arrest; but I charge you that an officer can not suffer himself to be overcome by any opprobious words or abusive language while he is acting as a minister of the law, armed with legal power and exerting it over a prisoner, [and] he can not chastise his prisoner for insolence; he can not yield to his passions and take the administration of punishment into his own hands, but can only use such force as is necessary to make the arrest effectual. If you find from the evidence that Bobby Hall resisted or assaulted the arresting officer, look to the evidence and see whether or not the force used by the officer was in proportion to the resistance offered by the prisoner. If so, you should find in favor of the defendant. But, if you should find from the evidence that the assault made on Bobby Hall by the officer was greater than was necessary to be used in making the arrest and holding the prisoner, it would be your duty to return a verdict in favor of the plaintiff."

Special ground 1 of the motion for new trial complains of the admission of the following testimony of a witness for the defendant: "I saw Robert Hall about a couple of years before that, down in front of Willie Hall's house. It seems like the sheriff had arrested him, and he said he wished that his face had been white and he would have showed him something." The objection to the testimony was "because it was irrelevant, immaterial, and prejudicial." The only authority cited to sustain this ground is *Head* v. *John Deere Plow Co.*, 71 *Ga. App.* 276 (30 S. E. 2d, 662). In that case, the testimony, which this court held was illegally admitted, was in reference to a "shooting scrape" between Head (one of the parties to the case) and a third person, who had no connection whatever with the case then on trial. In the instant case, the testimony in question amounted to a threat made by the deceased Robert Hall against the defendant sheriff, and tended to show the motive, intent, and animus of said Hall, and tended to support the testimony for the defendants that Hall was the aggressor in the fight between them and him. We think that the evidence was admissible for what it was worth.

Special ground 2 complains of the following excerpt from the

charge: "If, on the other hand, you believe by a preponderance of the evidence, that the plaintiff is not satisfied [entitled?] to recover from these defendants for the reason that the sheriff did not use any force to accomplish this arrest over and above that that was necessary. . . If you believe that by a preponderance of the evidence, it would be your duty to bring in a verdict for these defendants." The charge is objected to on two grounds: First, because the charge, in effect, instructed the jury to find for the defendants if the sheriff did not use any force in making the arrest over and above that which was necessary, irrespective of how brutal and abusive were his deputies who were assisting him in making the arrest; and, secondly, because the charge instructed the jury that the plaintiff could not recover unless she showed by a preponderance of the evidence that the sheriff did use more force in making the arrest over and above that which was necessary, "whereas the defendants had filed a plea in the nature of a confession and avoidance and had admitted the beating and killing of plaintiff's husband while under arrest and assumed the burden of showing that the beating and killing was justifiable, and therefore the burden of proof was upon defendants to show by a preponderance of the evidence that their acts and doings were justifiable." As to the first objection, the court had instructed the jury as follows: "If Frank Edward Jones and Jim Bob Kelly arrested Bobby Hall under the direction and approval and acquiescence of Claud M. Screws, defendant would be liable for their acts and conduct to the same extent as if said acts and conduct were committed by Claud M. Screws, as sheriff, himself." And the undisputed evidence disclosed that said deputies had arrested said Hall under the direction, approval, and acquiescence of said sheriff. We do not see how the charge could have misled the jury into believing or thinking that they should find for the defendants unless the evidence showed that the *sheriff himself* had used more force than was necessary in making the arrest. As to the second objection to the charge: The judge in his order passing upon the motion for a new trial said: "I wish to add that when the plea, which is alleged to be a plea of justification, was allowed and filed, defendants contended that they were entitled to the opening and conclusion. Plaintiff contended that the plea was insufficient to en-

title them to the opening and conclusion in that it did not admit the commission of the act in the manner and form charged. The court held that the plea as allowed and filed was not sufficient to entitle defendants to the opening and conclusion." This certificate by the trial court is controlling on this court; and it would seem that the plaintiff, having won her contention in the trial court, should be estopped from making her present contention.

Special ground 3 assigns error on the following excerpt from the charge: "The defendant Screws denies all allegations of plaintiff's petition except that he was sheriff of Baker County, Georgia, and he and defendant National Surety Corporation executed the bond sued upon." The charge was objected to on the ground that the sheriff's answer contained no such denial, but, on the contrary, admitted that the death of plaintiff's husband resulted from beatings given him by the sheriff and his deputies. The record discloses that the sheriff's last amendment to his answer, while it contained the above-stated admission, also, alleged that "defendant Screws denies all allegations of plaintiff's petition except that he was sheriff of Baker County, Ga., and he and defendant National Surety Corporation executed the bond sued upon." The court was merely reading to the jury the pleadings, and read to them the entire last amendment to the sheriff's answer. The ground is without merit.

Special ground 4 complains of the following charge: "You would not be authorized to bring in a larger verdict than the amount of the bond, but you may bring in any amount up to the amount of the $3000 [bond] if you believe, by a preponderance of the evidence, that the plaintiff would be entitled to recover under the sheriff's bond." The objection to the charge is, that it put the burden of proof upon the plaintiff to show that the sheriff and his deputies used more force than was necessary to make the arrest of plaintiff's husband, although "defendants had filed what plaintiff contended to be a plea of justification," and therefore, under said pleading and the evidence, "the burden was upon defendants to show by a preponderance of the evidence that they were justifiable in doing what they did." This ground is controlled adversely to the plaintiff by our ruling on special ground 2.

Special ground 5 alleges that "the court committed error in failing to charge that the burden was upon defendants to show

by a preponderance of the evidence a justification for the acts done in the beating and killing of Robert Hall, defendants having expressly entered a plea which she [plaintiff] contends admitted the beating and killing of the said Robert Hall and attempted to justify their acts and doings." This ground is also controlled by our ruling on special ground 2. Furthermore, the record shows that the court did instruct the jury as follows: "If you believe *by a preponderance of the evidence* in the case that the plaintiff is not entitled to recover from these defendants for the reason that the sheriff did not use any force to accomplish this arrest over and above that that was necessary—If you believe that *by a preponderance of the evidence,* it would be your duty to bring in a verdict for these defendants." (Italics ours.)

*Judgment affirmed. MacIntyre, J., concurs.*

FELTON, J., concurring specially. I concur in the judgment and all rulings except as shown herein. As to special ground 1 of the motion for new trial, the objection to the evidence as being irrelevant, immaterial, and prejudicial raises no question for review. *Clackum* v. *State,* 55 *Ga. App.* 44 (14) (189 S. E. 397); *Deen* v. *Baxley State Bank,* 62 *Ga. App.* 536 (8 S. E. 2d, 689). The trial judge's ruling on the demurrer as to the attorney's fees was harmless to the plaintiff since the jury found for the defendants. It would make no difference whether the evidence in this case was the same as that in the Federal case. The credibility of the witnesses was entirely for the jury in this case, and the findings in the Federal case were in no way binding on them or the State courts.