111 Ga. App. 548 (1965)
142 S.E.2d 306
OVERCASH
v.
THE STATE.
41231.
Court of Appeals of Georgia.
Submitted April 6, 1965.
Decided April 12, 1965.
*549 Hancock & Wilbanks, W. P. Wilbanks, Jr., for plaintiff in error.
Wm. B. Huff, Solicitor, contra.
EBERHARDT, Judge.
1. The general grounds are without merit. The evidence amply establishes the commission of the offense charged in the accusation.
2. The one special ground of the motion urges that there was failure on the part of the State to prove the venue of the offense. It is elementary, requiring no citation of authority, that venue is an essential element to be proven in any criminal case and that the burden is upon the State to prove it in order to sustain a conviction.
This brings up the question of where venue is properly laid in this particular offense. We think the matter is settled by Rose v. State, 4 Ga. App. 588, 598 (62 SE 117), where it was held that the venue of an offense committed by the use of the mails is determined by the place where the letter is received. In that *550 case it was observed that if the message had been "communicated by telephone, the solicitation would only be complete when the message was heard by the probable purchaser; and therefore the crime would be complete at the location occupied by the person solicited during the conversation." The same conclusion was reached in connection with the use of a telegram for the perpetration of an offense in Carter v. State, 143 Ga. 632, 639 (3) (85 SE 884). And see Weathers v. State, 24 Ga. App. 363 (100 SE 768).
A careful examination of this record reveals that the only evidence as to where Mrs. Etheridge was when she received the telephone call from Overcash is that she was at her home on Route 1, Norcross, Ga. While the court may judicially know that a village, town or city incorporated by a public law of this State is located in a particular county of the State, see Murphy v. State, 121 Ga. 142 (48 SE 909), we also know that Rural Free Delivery routes traverse considerable distances from the place where the post office is located, often crossing county lines  particularly where the post office is located in a town which is itself near a county line. We can not, therefore, know that Route 1, Norcross, Ga., is in Gwinnett County. There was no proof that this particular rural route is located entirely in Gwinnett County. No witness testified as to what county Mrs. Etheridge's home was in. She did not say as to that, nor as to what county she was in when she received the call from Overcash. The venue was not proven. Cf. Witcher v. State, 85 Ga. App. 289 (69 SE2d 203), and cases there cited.
Judgment reversed. Nichols, P. J., and Pannell, J., concur.