## 46712. BRACKNELL v. THE STATE.

QUILLIAN, Judge. The appellant was convicted of attempted burglary. A motion for a new trial was filed and overruled and the appellant filed an appeal.

On the trial, Mr. Nally, a witness for the State, testified that: he was a part owner and manager of a hardware store and on January 6, 1971, he had worked during the day, had gone home for supper and a nap, and then had come back at night to complete certain other work; after he was back in his hardware store, he heard a vehicle pull in the back of the store, and even though the back of the store is a solid block brick wall with two iron-type overlapping doors in back, he had a security method whereby he could observe. He thus testified that he had observed certain actions of the burglar attempting to burglarize the rear door of the store; he then went out the front of the store, locked it, ran around to the back and observed the burglar again at the back of the store; prior to going around the store, he had picked up a weapon but instead of apprehending the suspect behind the store, he ran out around the front again and solicited help from various persons in the immediate area; this is a long row of stores and the hardware store in question was about in the center, therefore there is a considerable distance to go around from one end of the store to the other; even though help was solicited, Mr. Nally, coming back to the scene, arrived there first with his weapon, at which time he apprehended the subject; however, the subject had no visible tools with him and was only standing facing the door.

The other State witnesses, Bobby Joe Slay, Everett C. Rainey, Jr., Henry F. Greer and W. G. Driscoll, all testified that when they arrived at the scene they only found the defendant arrested by the prosecutor Jack Nally, that no tools were in the immediate vicinity. However, certain tools were found in the subject's car. *Held:*

1. Enumeration of error number 1 complains that it was error to fail to allow counsel for the defendant to cross examine the State's witness as to how he was able to observe the defendant even though the back of the store was a solid block brick wall with two iron-type overlapping doors. The trial judge allowed the witness not to

answer the question because the witness stated the store needed the security. The failure to allow the witness to be cross examined as to this material evidence denied the defendant's substantial rights and was error. *Ledford v. State,* 89 Ga. App. 683 (1) (80 SE2d 828).

2. The remaining enumerations of error are without merit.

*Judgment reversed. Jordan, P. J., and Evans, J., concur.*

ARGUED NOVEMBER 2, 1971—DECIDED JANUARY 21, 1972.

*Ray Gary, Robert E. Bach, Mary Brock,* for appellant.

*Ben F. Smith, District Attorney, George W. Darden,* for appellee.