### 50805. JONES v. THE STATE.
### 50806. GEORGE v. THE STATE.

CLARK, Judge.

Jones, George, Pinkham, and Von Bargeron were jointly indicted in Bulloch County for the offense of conspiracy to possess and sell marijuana. Pinkham and Von Bargeron pled guilty to the charge, while appellants Jones and George asserted their innocence at trial. From the judgment of the court entered upon the jury's verdict of guilty and from the court's denial of their motions for a

new trial, separate appeals are taken to this court.[1]

That part of the state's evidence which detailed the drug transaction forming the basis of the conspiracy may be summarized as follows: Undercover agents for the Georgia Bureau of Investigation were placed in contact with co-conspirator Pinkham by an informer named Byars, who accompanied the agents to a beer bar in Bulloch County. There the agents met Pinkham, whom they negotiated with for the purchase of one hundred pounds of marijuana. Pinkham took the agents to his apartment and produced a sample of the marijuana for their inspection. Pinkham and the agents then returned to the beer bar, where they met co-conspirator Von Bargeron. Von Bargeron informed the agents that after he placed a telephone call, he would contact them regarding arrangements for transfer of the drugs and money.

The agents returned to their motel room, where they were called by Von Bargeron later that evening. It was agreed that one of the agents would go with Pinkham to pick up the marijuana at an undisclosed location; another agent would remain at his motel room with Von Bargeron until confirmation of the receipt of the marijuana, at which time Von Bargeron would be paid.

Pursuant to this plan, Agent Hallman and Pinkham drove to a farm located in Candler County. There they were met by two persons, identified by the agent as appellants Jones and George. The marijuana, which had been in a vehicle at the farm, was loaded into the trunk of Agent Hallman's car by the three conspirators present. Pinkham and the agent then returned to Bulloch County

---

[1]Although Jones enumerates 36 errors and George enumerates 29 errors, the alleged errors are virtually identical with respect to both appellants, as are the arguments and citations of authority in support thereof. In addition, several enumerated errors challenge a single ruling in different ways or in different language. For purposes of simplification and clarity, we group these enumerations into appropriate categories and consider them accordingly.

where they called Von Bargeron and the other agent at the motel. After being informed of the receipt of the marijuana, Von Bargeron accepted the money to complete the transaction. The four conspirators were arrested shortly thereafter. *Held:*

1. Appellants complain of the trial court's refusal to compel the state to produce documentary evidence sought in their notices to produce and subpoenas. "We need not cite here all the many cases before this court in which we have held criminal discovery on behalf of the defendant may not be compelled. There is no state law existing which would allow the defendant as a matter of right to discover from a district attorney or other prosecuting officer of the state evidence, documentary or otherwise, for use by him or his counsel before trial. *Bryan v. State,* 224 Ga. 389 (162 SE2d 349) (1968); *Walker v. State,* 215 Ga. 128 (109 SE2d 748) (1959). In addition, the Supreme Court of the United States has held that pretrial discovery in favor of defendants is not required by considerations of due process, see Palermo v. United States, 360 U. S. 343 (1959), and 18 U. S. C. § 3500, in the absence of a showing that the evidence denied disclosure of by the prosecution upon request was materially favorable to the accused either as direct or impeaching evidence. Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1962) . . . However, these due process considerations are not relevant to a discussion of the case at hand because there had not been argued before us that the state purposely suppressed evidence favorable to the accused. . ." *Whitlock v. State,* 230 Ga. 700, 703, 704 (198 SE2d 865). See also *Hicks v. State,* 232 Ga. 393 (207 SE2d 30); *Houser v. State,* 234 Ga. 209 (214 SE2d 893); *Chenault v. State,* 234 Ga. 216 (215 SE2d 223).

Sub judice, appellants have neither contended nor demonstrated that any of the materials sought for inspection were exculpatory in nature. The trial court did not err, therefore, in refusing to compel discovery pursuant to appellants' notices to produce. Nor did the court's refusal to command discovery under subpoena constitute error. A subpoena is a writ or a process, designed to implement rather than confer substantive rights. Where, as here, its intended use was to obtain the

same general discovery as was previously sought in appellants' notices to produce, the court properly denied its enforcement. See generally 97 CJS 376, Witnesses, § 25.

2. Appellants contend that the trial court's denial of their motions for severance constitutes reversible error. We disagree. The determination of whether or not jointly indicted defendants are to be granted separate trials is vested within the sound discretion of the trial court. Code Ann. § 27-2101 (Ga. L. 1971, p. 891). Appellant George's alibi defense was not inconsistent with the defense of mistaken identity advanced by appellant Jones. Both appellants denied their participation in the conspiracy and in the drug transaction, and neither testified so as to implicate the other in the offense. Under these circumstances, the trial court's denial of appellants' motions to sever was not an abuse of discretion. *Merrill v. State,* 130 Ga. App. 745 (204 SE2d 632). As appellants have not shown in what manner they were prejudiced by their joint trial, this enumeration is without merit.

3. Error is enumerated upon the court's refusal to grant appellants' motions for a continuance based upon the unavailability of informant Byars. The court denied the motions "on the grounds that no sufficient showing has been made." (T. 5). The court further noted that defense counsel had not sought a subpoena for Byars until the Friday preceding the Monday trial, even though one of the attorneys had been retained in this matter some six months earlier.

"A motion to continue is addressed to the sound discretion of the trial judge, and this court will not interfere unless it is clearly shown that he has abused his discretion." *Corbin v. State,* 212 Ga. 231 (1) (91 SE2d 764). U. S. cert. denied 351 U. S. 987. Where the moving party fails to make a proper showing of the requirements set forth in Code Ann. § 81-1410, the denial of a continuance motion cannot be said to be an abuse of discretion. *Scoggins v. State,* 98 Ga. App. 360 (106 SE2d 39); *Beasley v. State,* 115 Ga. App. 827 (156 SE2d 128).

Byar's sole activity in this drug transaction consisted of introducing the agents to co-conspirator Pinkham. (T. 145). The facts expected to be proved by this witness and

the materiality of his testimony were not demonstrated. Nor was it shown how this prospective witness might have aided the defense or how the defense suffered by the refusal of a continuance. Appellants did not adequately demonstrate that this witness would be available during the next court term. And, in view of the last-minute issuance of the subpoena, the court may properly have concluded that appellants failed to show that the continuance was for a purpose other than delay. We find no abuse of discretion under these circumstances. See *Stevens v. State,* 228 Ga. 621 (187 SE2d 281); *Harris v. State,* 118 Ga. App. 769 (165 SE2d 462); *Eady v. State,* 129 Ga. App. 656 (200 SE2d 767).

4. Error is enumerated upon the trial court's overruling of appellants' motion to quash the indictment. Although appellants were sent notifications of their arraignment date and of their indictment on November 14, 1974, they were not in fact indicted prior to November 18, 1974. Appellants argue that this premature notification violated their due process rights.

We note initially that the provisions of Code Ann. § 27-1401 concerning notice of arraignment were fully complied with in the instant case. Appellants do not assert in what manner the indictment might have been improperly procured, nor do they assert how they might have been harmed by the premature notice. The trial court correctly declined to quash the indictment on this ground.

5. Several enumerations contend that the trial judge improperly limited and impaired appellants' right to cross examine adverse witnesses. It is true that the right to a thorough and sifting cross examination may not be abridged. Code Ann. § 38-1705. *Ralph v. State,* 124 Ga. 81 (52 SE 298); *Ledford v. State,* 89 Ga. App. 683 (80 SE2d 828); *Blacknell v. State,* 125 Ga. App. 345 (187 SE2d 575). But the permissible scope of cross examination is not unlimited. *Geiger v. State,* 129 Ga. App. 488, 496 (4) (199 SE2d 861). "The scope of the cross examination rests largely within the discretion of the trial judge, to control this right within reasonable bounds, and his discretion will not be controlled by a reviewing court unless it is abused." *Sullivan v. State,* 222 Ga. 691, 693 (152 SE2d

382). See *Clifton v. State,* 187 Ga. 502, 508 (4) (2 SE2d 102); *Moore v. State,* 221 Ga. 636, 638 (2) (146 SE2d 895). The trial judge may properly restrict the cross examination to matters material or relevant to the issues. *Smiley v. State,* 156 Ga. 60 (118 SE 713); *Waller v. State,* 213 Ga. 291, 294 (99 SE2d 113). He may further exclude the unnecessary repetition of questions previously propounded and answered. *Sims v. State,* 177 Ga. 266 (170 SE 58); *Watson v. State,* 192 Ga. 679 (16 SE2d 426).

After thoroughly reviewing the trial transcript, we conclude that appellants were not denied their right to a thorough and sifting cross examination. The trial judge's refusal to permit irrelevant or needlessly repetitious questions was in each instance proper. Appellants' further contention that the trial judge improperly commented on the evidence is likewise without merit. We do not feel that the the statements complained of constitute improper judicial comments. Furthermore, the trial judge acted with extreme caution and care in instructing the jurors on two occasions that his evidentiary rulings express no opinion as to what has or has not been proved and that any such erroneous impression should be removed from their minds. These enumerations are therefore without merit.

6. The trial court did not err in permitting, over appellants' objections, the testimony of Deputy Sheriff Malone. Since the prosecuting attorney stated in his place that the evidence sought to be presented through this person's testimony was newly discovered and unknown at the time the witness list was furnished to appellants, the provisions of Code Ann. § 27-1403 were not violated. *Mitchell v. State,* 226 Ga. 450 (175 SE2d 545), U. S. cert. denied, 400 U. S. 1024.

The testimony of this witness was further objected to on the ground that it would violate the rule of sequestration, which had been invoked throughout the trial. In overruling this objection, the trial judge stated: "Well, he's a deputy sheriff and an officer of the Court and it's discretionary with the court as to who can remain in the courtroom. I think I would have probably allowed him to remain had I been requested." (T. 346).

As a long recognized exception to the sequestration

rule, the trial court is granted considerable discretion in determining whether a sheriff or other officer of the court be allowed to remain in the courtroom prior to his giving of testimony. *Turbaville v. State,* 58 Ga. 545; *Poultryland Inc. v. Anderson,* 200 Ga. 549 (37 SE2d 785); *Massey v. State,* 220 Ga. 883 (5) (142 SE2d 832). We cannot say that the allowance of the deputy sheriff's testimony here constituted an abuse of discretion.

7. Error is enumerated upon the following portion of the court's charge: "Therefore, in this case, gentlemen of the jury, in order to convict the defendants or either of them of the offense of a conspiracy to sell or possess the crime of marijuana [sic] you must find that, under the evidence, that they, in fact, had a plan or conspired, that is worked together, to possess this marijuana *and that they took some overt act or made some step in the progress of the carrying out of this intended or conspired offense.* Then, and in that event, the commission of the offense of conspiracy to possess and sell marijuana would be complete and you would be authorized, if you find those elements exist, and after a consideration of the evidence, then, you would be authorized to convict the defendants or either of them, of the offense charged in the indictment." (T. 381.) (Emphasis supplied.) Appellants contend that this portion of the charge ignored venue and failed to take into consideration the absence of any proof showing that appellants were in Bulloch County or that they committed any overt act within that county.

It is, of course, unnecessary to prove that appellants acted within Bulloch County in order to sustain their conspiracy convictions. "Where individuals enter into a conspiracy to commit a crime, its actual perpetration by one or more of them in pursuance of such conspiracy is in contemplation of law the act of all, and therefore is imputable to all, regardless of their presence or absence at the time it is committed. [Cits.]" *Chambers v. State,* 194 Ga. 773, 781 (22 SE2d 487). See *Smith v. State,* 230 Ga. 876 (199 SE2d 793).

Venue in a conspiracy prosecution is properly laid either in the jurisdiction where the conspiracy was formed or in any jurisdiction wherein a conspirator committed an overt act in furtherance of the conspiracy. See Hyde v.

United States, 225 U. S. 347 (32 SC 793, 56 LE 1114); Finley v. United States, 271 F2d 777 (5th Cir. 1959), cert. denied, 362 U. S. 979. Sub judice, there was no evidence presented as to the place of the formation of the conspiracy. In addition, appellants' alleged participation in the conspiracy consisted of acts committed exclusively in Candler County. Thus, proof of venue rested solely upon the overt acts of co-conspirators Pinkham and Von Bargeron. It was incumbent upon the state to prove, in this respect, that the overt acts were committed in furtherance of the conspiracy and that they took place in Bulloch County.

Did the trial court's failure to instruct the jury on the issue of venue constitute reversible error? We are compelled to answer this question affirmatively. "The proof of venue is an essential element in proving guilt in a criminal case." *Bush v. Chappell,* 225 Ga. 659, 660 (171 SE2d 128); *Overcash v. State,* 111 Ga. App. 549 (142 SE2d 306). And "like every other other material allegation in the indictment it must be proved beyond a reasonable doubt. [Cit.]" *Royster v. State,* 108 Ga. App. 269, 270 (132 SE2d 830). Appellants, by denying participation in the conspiracy and by denying any agreement or concerted action with Pinkham or Von Bargeron, necessarily raised an issue of fact as to venue which properly should have been presented to the jury. *Morakes v. State,* 158 Ga. 114 (123 SE 687); *Stubbs v. State,* 41 Ga. App. 836 (155 SE 100). Also for the jury's determination was the question of whether the alleged overt acts were proved to have been committed in furtherance of the conspiracy. United States v. Armone, 363 F2d 385, 401 (2d Cir. 1966); cert. denied 385 U. S. 957; United States v. Fontenot, 483 F2d 315, 322 (5th Cir. 1973). The trial court's failure to properly charge the applicable law relating to venue removed the above issues from the jury's determination.

We note, in addition, that the indictment alleged five overt acts, two of which were committed outside of Bulloch County. Thus, under the court's charge, it was possible for the jurors to have found appellants guilty on the basis of the overt acts committed in Candler County, while concluding that the state failed to meet its burden of proof with respect to the overt acts alleged to have taken place

in Bulloch County.[2] Where overt acts are alleged to have been committed in more than one jurisdiction, it is essential in a conspiracy prosecution that the jury be properly instructed as to venue. See Green v. United States,[3] 309 F2d 852 (5th Cir. 1962).

"This is no pedantic, justice-defeating technicality. The dangers of abuse are manifold if the Government can obtain an indictment for conspiracy in a district other than the district where the offense was actually committed merely by alleging that one act, *which need never be proved,* was committed in that district. Surely the Government should not be able to procure an indictment... without having to prove to the satisfaction of a jury that at least one act was done in the district of the indictment." Green v. United States, supra, at p. 856. We therefore hold that the trial court's failure to properly instruct the jury on the issue of venue was error.

8. Appellants enumerate error upon other portions of the trial court's charge. We have examined these contentions and find them to be without merit.

9. The evidence presented by the state was sufficient to support the jury's verdict. The general grounds are

---

[2]One of the alleged overt acts was appellants' delivery of the marijuana to Agent Hallman in Candler County. Since this was the single most damaging piece of evidence against appellants, it was likely to stand out in the jurors' minds. Under these circumstances and in the absence of a judicial instruction on venue, it would have been logical for the jury to have based its verdict on this act, rather than the acts of Pinkham and Von Bargeron in Bulloch County.

[3]In Green, the defendants were indicted in the Northern District of Florida for conspiracy to violate the Internal Revenue Code. Of the overt acts alleged in the indictment, only one was allegedly committed in the Northern District of Florida. The trial court's instruction that "it isn't necessary for the Government to prove except one overt act" was held erroneous, since the jury may well have grounded its guilty verdict upon proof of an overt act outside the district where the indictment was brought.

therefore without merit.

10. Appellants assert that Jones' ten-year sentence and George's seven-year sentence were in excess of the statutory limit and void. Had appellants been indicted under our general conspiracy statute, Code Ann. § 26-3201, a maximum punishment of five years imprisonment could have been imposed. But since the indictment charged, "Conspiracy to Possess and Sell Marijuana," a violation of the provisions of the Georgia Controlled Substances Act was properly charged. Code Ann. § 79A-812 (Ga. L. 1974, pp. 221, 244) of this Act provides, "Any person who attempts or conspires to commit any offense defined in this Chapter shall be punished by imprisonment not exceeding the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy." Since the sale of marijuana may be punished by imprisonment for ten years under Code Ann. § 79A-811 (j), appellants' sentences were within the statutory limit and valid.

11. The remaining enumerations are without merit and do not warrant discussion.

12. For the reasons expressed in Division 7, the judgments are reversed.

*Judgments reversed. Pannell, P. J., and Quillian, J., concur.*

ARGUED JUNE 25, 1975 — DECIDED SEPTEMBER 3, 1975 — REHEARING DENIED SEPTEMBER 30, 1975 —

*Doremus & Towers, Ogden Doremus, W. W. Larsen, Jr., Robert J. Erb,* for appellants.

*J. Lane Johnston, District Attorney,* for appellee.