A95A0294. In the Interest of J. P., a child.
(459 SE2d 431)

McMurray, Presiding Judge.

J. P., a child, was tried before the juvenile court and found to be delinquent based on a petition charging him with a delinquent act constituting the offense of theft by shoplifting if committed by a person 17 years of age or older. This appeal followed. *Held*:

1. J. P.'s first enumeration of error urges that the juvenile court erred in restricting his attorney's cross-examination of the State's key witness regarding the existence of surveillance cameras at the victim's retail establishment.

An undercover security officer employed by the victim testified that he observed J. P. and J. P.'s sister shoplifting at the victim's retail establishment, explaining that the siblings acted in concert to conceal their illegal activities. On cross-examination, this witness refused to tell J. P.'s attorney whether surveillance cameras are used at the victim's retail establishment. The following then transpired: "THE COURT: How is that relevant to this case? I'm not going to force him to disclose . . . unless they're coming in here alleging something about security cameras and they don't seem to be. [J. P.'s ATTORNEY]: Your Honor, I would contend that it's relevant, because if [the victim] has those kinds of security cameras, then they ought to have some verification of the events that this man is testifying to. THE COURT: I disagree with that. They don't have to — They can take their chances coming in here with as little or as much evidence as they want to. . . . . [J. P.'s ATTORNEY]: What I'm saying is there may be some exculpatory information on those kinds of tapes if they exist. That's — I think that's a legitimate question. THE COURT: You've not filed any motion or anything seeking any exculpatory. There's been no *Brady* motion or anything like that filed. [J. P.'s ATTORNEY]: That's right[, but] it's cross examination. THE COURT: No. I'm not going to allow it under the circumstances presently simply to say that there are cameras there or not. You can certainly argue if they had cameras, they should have come here with such. They didn't do that because they're afraid to bring it here. You know, you can argue all that because they don't have it. They've got places where they were installed. You're free to do that, because they're not here. You know, it's kind of like a missing witness if they're there. But that's my ruling."

"Although evidence of collateral matters may shed some remote light on the main issues, it is nevertheless necessary that the trial

judge restrict such evidence to that which is material and relevant. *Childers v. State*, 130 Ga. App. 555, 562 (203 SE2d 874); *Head v. John Deere Plow Co.*, 71 Ga. App. 276 (1) (30 SE2d 662)." *Hornsby v. State*, 139 Ga. App. 254, 256 (3), 258 (228 SE2d 152). In the case sub judice, the existence of hidden surveillance cameras at the victim's retail establishment was not directly material to the State's case as the security officer who observed J. P.'s illegal activities testified that he "was on the floor . . ." during the surveillance. Under these circumstances, we cannot say the trial court abused its discretion in restricting cross-examination regarding the existence of surveillance cameras at the victim's retail establishment. *Smith v. State*, 154 Ga. App. 190, 191 (2) (267 SE2d 826). Compare *Bracknell v. State*, 125 Ga. App. 345, 346 (1) (187 SE2d 575).

2. J. P. next contends the testimony of the victim's security officer is insufficient to support the juvenile court's finding him to be delinquent. This contention is without merit.

"The credibility of the witnesses is solely a question for the trier of fact. *Redd v. State*, 154 Ga. App. 373 (268 SE2d 423) (1980)." *In the Interest of W. N. N.*, 196 Ga. App. 30, 31 (1) (395 SE2d 354). In the case sub judice, testimony of the victim's security officer along with proof that J. P. and J. P.'s sister were caught immediately after leaving the victim's store in possession of the victim's misappropriated merchandise is sufficient to authorize the juvenile court's finding, beyond a reasonable doubt, that J. P. committed a delinquent act constituting the offense of theft by shoplifting if committed by a person 17 years of age or older. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *In the Interest of A. B.*, 194 Ga. App. 665, 666 (2) (391 SE2d 683).

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED JUNE 19, 1995.

*Jeffrey G. Gilley*, for appellant.
*Harry N. Gordon, District Attorney*, for appellee.