BENJAMIN F. CARR, plaintiff in error, *vs.* CAPERS DICKSON, administrator, defendant in error.

1. The continuance was properly refused, as the defendant did not state that the witness was not absent by his permission, directly or indirectly, or that he expected to be able to procure his testimony at the next term of the court, or that the application was not made for delay, etc.

2. Where the defense was that the note sued on was given by mistake, but the plea did not allege how the mistake occurred, evidence, in general terms, that the note was given by mistake, that the consideration thereof was settled and paid off before it was made and delivered, was properly excluded.

Continuance. Mistake. Evidence. Before Judge WRIGHT. Rockdale Superior Court. October Term, 1876.

Capers Dickson, as administrator of David Dickson, deceased, brought complaint against Benjamin F. Carr, on a note dated September 2d, 1872, payable one day after date, to F. W. Sims & Co., or bearer, for $133.00, with interest from the 1st of the preceding November. The defendant pleaded the general issue, and that there had been a final settlement of all transactions with F. W. Sims & Company, which included this action.

Carr *vs*, Dickson, adm'r.

When the case was called for trial the defendant moved to continue on account of the absence of the witness, W. T. Owens, who had been subpœnaed, and who lived in the county, by whom he expected to prove that the consideration upon which said debt was based was a guano note signed by said witness' father, which had been paid by him, witness, and that the note sued on was signed by mistake.

The motion was overruled, and the defendant excepted.

The plaintiff introduced the note sued on and closed. He was then introduced as witness for the defendant, and testified that he knew nothing about the matter of his own knowledge; that he understood that his father, the intestate, was the agent of Sims & Company for the sale of guano; that he found the note among his father's effects after his death.

The following memorandum of account was introduced:

| | |
|---|---:|
| E. New. | $71 50 |
| Jas. Miller | 71 50 |
| | $143 00 |
| | 10 00 |
| | $133 00 |

Neither who this memorandum was introduced by, nor the object of its introduction, appears.

The defendant proposed to testify that the note was given by mistake; that the consideration of the same was settled and paid off before the note sued on was given; that it was given for the amount of a note on John A. Owens.

This evidence was excluded, and the defendant excepted.

The jury found for the plaintiff. The defendant moved for a new trial because the court erred in overruling the motion for a continuance, and in rejecting the aforesaid testimony.

The new trial was refused, and defendant excepted.

A. C. McCalla, for plaintiff in error.

No appearance for defendant.

WARNER, Chief Justice.

The plaintiff sued the defendant on a promissory note for the sum of $133.00, payable to F. W. Sims & Company or bearer, dated 2d September, 1872, and due one day after date. On the trial of the case, the jury found a verdict for the plaintiff for the full amount of the note, with interest thereon. The defendant made a motion for a new trial on the several grounds contained therein, which was overruled by the court, and the defendant excepted.

1. There was no error in overruling the defendant's motion for a continuance of the case on the showing made therefor on account of the absence of the witness Owens, inasmuch as the defendant did not state that the witness was not absent by his permission, directly or indirectly, or that he expected to be able to procure the testimony of the witness at the next term of the court, or that the application for continuance was not made for the purpose of delay, etc., as required by the 3522d section of the Code.

2. There was no error in rejecting the evidence offered by the defendant, even if the agent with whom it was insisted the contract was made, had not been dead. All that the defendant proposed to prove was, in general terms, that the note was given by mistake, that the consideration for the same was settled and paid off before the note was given, and that it was given for the amount of a note on John A. Owens. The defendant's plea did not allege how the mistake occurred in giving the note, nor did the evidence offered show it; neither did the evidence offered show to whom the consideration of the note was settled and paid off before it was given, certainly not to the plaintiff or his intestate, or that either of them had any knowledge thereof, or that it was given for the amount of a note on John A. Owens.

Let the judgment of the court below be affirmed.