### 3536.   WILLIAMS *v.* THE STATE.

1. No error of law is complained of, and the finding of the judge without
the intervention of a jury is fully supported by the evidence, since the
credibility of the witnesses as to the one issue of fact is entirely a mat-
ter for his determination.
2. This court will not interfere with the discretion of the trial judge in
refusing to grant a new trial on the ground of newly discovered testi-
mony, where the motion on this ground contains no affidavit accrediting
the character of the persons relied upon to give the alleged newly dis-
covered testimony.

3. The alleged newly discovered testimony was both impeaching and cumulative, and would not probably have changed the result.

DECIDED OCTOBER 10, 1911.

Accusation of sale of liquor; from city court of Houston county. Judge Brunson. May 22, 1911.

*M. Kunz, R. N. Holtzclaw*, for plaintiff in error.

*R. E. Brown, solicitor*, contra.

HILL, C. J. Frank Williams was convicted of selling spirituous and intoxicating liquors in violation of what is commonly known as the "prohibition law," and his motion for a new trial was overruled. He complains of no especial error, but contends that his conviction was without any evidence, and in his amended motion he asks for a new trial on the ground of newly discovered evidence. The case was tried by the judge without the intervention of a jury. Two witnesses swore positively that on the day stated in the accusation they were at the house of the accused, and that on that day they, in company with four others, made up a "pot" amounting to $1.40, which they gave to the accused, and for which he then delivered to them whisky and beer. One of the witnesses swore that she had a fight with the accused that day, and he cut her in the face. This was all the testimony for the State. The four other persons designated by the State's witnesses as having been contributors to the "pot of money" testified that they were present, but denied that they did so contribute, or that they saw any whisky or beer sold by the accused to any one, and testified that they saw no whisky or beer delivered by him to the two witnesses for the State, or to any one else. The defendant in his statement denied that he sold whisky or beer to the two witnesses for the State, or to any one else on the Sunday indicated, or at any other time.

The credibility of the witnesses being for the judge, he accepted the testimony of the State's witnesses as the truth of the transaction; and this court has no power and no inclination to interfere with his discretion in the matter. The newly discovered evidence has two infirmities. (1) There is no affidavit in support of the character of the affiants expected to give the newly discovered testimony: and for this reason alone this court would not interfere with the discretion of the trial judge in refusing to grant a new trial on this ground. *Polite* v. *State*, 78 *Ga.* 347. (2) The alleged

newly discovered testimony tends only to discredit and impeach the two witnesses for the State. It would hardly produce a different result on a second trial. It appears, also, that the testimony alleged to be newly discovered could by the exercise of due diligence have been obtained at the first trial, as the affiant relied upon to give this evidence was a witness for the defense. The trial was conducted without any legal error. The finding of the court is amply supported by evidence, and the ground asking for a new trial on account of newly discovered evidence is palpably without merit.

*Judgment affirmed.*