## TOMPKINS *v.* AMERICAN LAND COMPANY.

FISH, C. J. 1. Irrespective of the counter-showing made by the plaintiff, the motion of the defendant for a continuance, upon the ground of an absent witness, was insufficient, in that it was not shown that he expected to be able to procure the testimony of the witness at the next term of the court, and that the application was not made for the purpose of delay, but to enable the defendant to procure the testimony of the witness. Civil Code, § 5715; *Cobb* v. *State*, 110 *Ga.* 314 (35 S. E. 178).

2. Neither the decision of the court in overruling a demurrer to a petition, nor in striking the answer or a portion thereof, can properly be made the ground of a motion for new trial. *Bearden* v. *Holland*, 134 *Ga.* 70 (67 S. E. 432); *Lindsay* v. *State*, 138 *Ga.* 819 (11), 824 (76 S. E. 370); *Toomey* v. *Read*, 133 *Ga.* 855 (67 S. E. 100); *Turner* v. *Barber*, 131 *Ga.* 445 (6), 449 (62 S. E. 587), and cases cited; *Lee* v. *McCarty*, 132 *Ga.* 698 (64 S. E. 997), and cases cited; *Brandon* v. *Akers*, 134 *Ga.* 78 (67 S. E. 540); *Young* v. *Germania Savings Bank*, 134 *Ga.* 602 (68 S. E. 321); *Eldorado Jewelry Co.* v. *Hitchcock*, 136 *Ga.* 22 (70 S. E. 658); *Methodist Episcopal Church* v. *Dudley etc. Co.*, 137 *Ga.* 68 (72 S. E. 480).

3. Where no exceptions pendente lite were filed complaining of the overruling of demurrers to a petition and the striking of an answer or a portion thereof, but direct assignments of error upon such rulings were made in a bill of exceptions wherein error was also assigned upon the overruling of a motion for new trial, and such bill of exceptions was not presented within 30 days from the adjournment of the term of the court during which the rulings on the demurrers and the answers were made, although presented within 30 days from the overruling of the motion for new trial, such assignments of error as to the rulings on the pleadings came too late to be considered by this court. Civil Code, § 6152; *Crawford* v. *Goodwin*, 128 *Ga.* 134 (57 S. E. 240).

4. Where no valid assignment of error was made upon the overruling of a general demurrer to the petition, the admission of evidence tending to prove the allegations of the petition, and otherwise competent, was not error, where the ground of objection to the evidence was in effect the same as that of the overruled demurrer. See *Brooks* v. *Rawlings*, 138 *Ga.* 310 (75 S. E. 157), and cases cited.

5. One of the defenses to an action for the alleged breach of a written contract for the purchase of several city lots being to the effect that the defendant did not purchase from the plaintiff all of the lots specified in the contract, the court did not err on the trial of the action in refusing to permit the defendant, on cross-examination of one of plaintiff's witnesses, to prove that the defendant, soon after he "found out what lots plaintiff had him charged with, contended and told plaintiff that he did not buy the lots charged to him in the contracts as filled out, and that this was no new contention of Mr. Tompkins [the defendant], and that Mr. Tompkins told him he would pay plaintiff for what lots he bought." This was an effort merely to prove a self-serving declaration of. the defendant.

6. "Where the movant in a motion for new trial complains of a ruling excluding certain testimony, and this testimony, in substance, appears in the approved brief of evidence, the apparent conflicting statements will be harmonized by holding that, notwithstanding the ruling, the court at some other stage of the witness's testimony allowed the evidence. Under such facts the ruling will not require a new trial, even if the evidence was admissible." *DeNieff* v. *Howell*, 138 *Ga.* 248 (75 S. E. 202).

7. The court did not err in instructing the jury that the action was one brought to recover "a certain sum of money set out in plaintiff's declaration, as the alleged price of certain lands sold by the plaintiff to the defendant." While some features of the petition gave it the appearance of an action for specific performance, the court properly construed the action as one for the purchase-price of the land described in the contract and the petition.

8. There was evidence to authorize the verdict, and the court did not err in refusing a new trial.

*Judgment affirmed. Beck, J., absent. The other Justices concur.*

FEBRUARY 11, 1913.

Equitable petition. Before Judge Rawlings. Johnson superior court. December 27, 1911.

*A. L. Hatcher*, for plaintiff in error.