31659. UNITED MOTOR FREIGHT TERMINALS *v.* DRIVER.

Decided September 3, 1947.

*Boykin & Boykin,* for plaintiff in error.

*Don Howe, Claude V. Driver,* contra.

PARKER, J. Duff C. Driver obtained a verdict for damages against United Motor Freight Terminals in a suit for personal injuries and property damage sustained in a collision between his automobile and a truck of the defendant. A motion for a new trial was made by the defendant which was overruled, and it excepts to that judgment. Any additional facts which should be stated will appear in the opinion.

The first amended ground of the motion for new trial complains because the court refused to continue the case on account of an absent witness. The defendant showed, in requesting a con-

tinuance, that the driver of its truck at the time of the collision was sick in a hospital in Tuscaloosa, Alabama, and was unable to come to court, that he had been subpoenaed, that he was the only representative of the company at the scene of the alleged collision, and that his testimony would be taken or his presence had at the next term of the court. It was shown also that counsel first knew of the inability of the witness to be present on January 17, six days before the trial on January 23; but the defendant did not show that the witness resided in the county where the case was pending, or that his testimony was material, and no statement was made as to what facts the defendant expected to prove by the absent witness, three things ordinarily necessary in obtaining a continuance on the ground of an absent witness. Code, § 81-1410. Motions for continuances are addressed to the sound discretion of the trial judge (*Pittman* v. *Dorsey,* 25 *Ga. App.* 596, 103 S. E. 854); and for a ruling on such motion to be reversible error, it must appear that the court abused its discretion in not continuing the case. *Porter* v. *Porter,* 17 *Ga. App.* 456 (87 S. E. 707); *Adams* v. *State,* 50 *Ga. App.* 507 (179 S. E. 223); *Rothleutner* v. *Bateman,* 144 *Ga.* 103 (86 S. E. 215). Since the defendant made no showing whatever as to the facts expected to be proved by the absent witness, and did not otherwise fully comply with the statute, the trial court did not abuse its discretion in refusing the request for a continuance.

■ Special ground 2 of the amended motion alleges that the court erred in permitting the plaintiff to testify that he had quite a bit of trouble with his back, the objection being that there was no allegation in the petition of any injury to the plaintiff's back. The petition alleged that plaintiff's "whole body was sore and had numerous lacerations thereon;" and the court sustained the objection to the evidence that the plaintiff's back was still sore, but did not exclude the testimony that he had trouble with his back. In another part of his testimony, in describing the injuries sustained in the collision, the plaintiff testified without objection that "it hurt my back." The general rule is that evidence of doubtful admissibility should be admitted and its weight and effect left to the jury. *Albany Phosphate Co.* v. *Hugger Bros.,* 4 *Ga. App.* 771 (6) (62 S. E. 533); *McClelland* v. *State,* 27 *Ga. App.* 783 (3) (110 S. E. 245); *Johnson* v. *Wilson,* 47 *Ga. App.* 621 (2) (171

S. E. 239). In view of the allegations of the petition, the most that can be said against the admissibility of the evidence objected to which was not ruled out is that it may have been doubtful; and the ruling of the court in sustaining the objection to a part of the evidence but not to all of it, was not erroneous.

■ Special ground 3 complains because the court permitted a witness to testify that, when he went to the scene of the collision immediately after it occurred, and asked the plaintiff if he was hurt, after waiting a little while, the plaintiff said, "I am hurt and hurt bad." The witness also testified that, when he first reached the plaintiff, the latter could not speak, that "he had his arms up and was leant way over," but after a little while, maybe a minute, the plaintiff said, "I am hurt." The court excluded what the plaintiff said to the witness, but admitted the evidence showing the condition of the plaintiff at the time. We do not think that this was error for any reason urged by the defendant.

■ The excerpts from the charge as complained of in special grounds 4 and 5 were applicable to the facts of the case, and neither of such charges was error for any reason assigned.

■ Special ground 6 complains of this part of the charge: "So again I say to you, look to all the evidence and see whether it was purely an accident, or whether somebody was negligent, what caused the injury, if it was caused by the negligence of somebody under the rules of law given you in the charge, then make a verdict." This portion of the charge was given at the end and immediately after the charge on the subject of accident which had been requested by the defendant. Although the excerpt complained of was inaccurate in referring to the "negligence of somebody," we do not think that it confused or misled the jury or was harmful to the defendant. In the charge as a whole, the court correctly instructed the jury that the action was based on the alleged negligence of the defendant, and that the question for determination by the jury was whether the defendant was guilty of negligence as charged in the petition; that the jury would confine itself to the specifications of negligence made in the petition in determining whether the defendant was guilty of negligence, and that if the defendant was not liable the jury should return a verdict in its favor. In the light of the entire charge, we do not think that the technical error or inaccuracy in the portion excepted to in this ground would have been prejudicial to the defendant.

574

■ Ground 7 alleges erorr in that the charge unduly stressed the contentions of the plaintiff without likewise presenting the contentions of the defendant. We have carefully considered the charge as a whole and do not think that it is subject to the criticism contained in this ground. The court charged fully on the contentions of the parties and on the law applicable to the pleadings and the evidence. If any more elaborate instruction on any particular point was desired by the defendant, it should have been requested in writing, as provided by the statute.

■ The evidence supported the verdict, it. has the approval of the trial judge, and no error of law appears. It follows that the court did not err in overruling the motion for new trial.

*Judgment affirmed.   Sutton, C. J., and Felton, J., concur.*