### 37351. SCOGGINS *v.* THE STATE.

*Sidney T. Schell,* for plaintiff in error.

*Sam P. Burtz, Solicitor-General,* contra.

TOWNSEND, Judge. ■ While error in the charge of the court is presumptively harmful, and while the court technically erred in that he charged the jury that the defendant had been required by the justice of the peace before whom he appeared in answer to the bastardy warrant "to give bond with good and sufficient security in the sum of $750 payable to A. B. Tollison, ordinary of said county to be used in the support, maintenance and education of the child until it arrives at the age of 14 years," whereas the proposed bond referred to by the court was not set in any stated amount, it being the appearance bond rather than the proposed maintenance bond which was set in the amount of $750, it affirmatively appears here that no prejudice resulted to the defendant from such misstatement. The magistrate need not, as to the latter bond, fix any certain amount. *Childers* v. *State,* 3 *Ga. App.* 449 (1) (60 S. E. 128). The defendant here refused to make any bond whatever for the maintenance of the child, contending rather that he was not its father. The lack of any fixed amount in the bond was accordingly immaterial, and the error in the charge was also immaterial, and shows no ground for reversal.

■ (a) "In all applications for continuances upon the ground of the absence of a witness, it shall be shown to the court that the witness is absent; that he has been subpoenaed; that he resides in the county where the case is pending; that his testimony is material; that such witness is not absent by the permission, directly or indirectly, of such applicant; that he expects he will be able to procure the testimony of such witness at the next term of the court; and that such application is not made for

the purpose of delay, but to enable the party to procure the testimony of such absent witness; and must state the facts expected to be proved by such absent witness." Code § 81-1410. It was pointed out in *Hobbs* v. *State*, 8 *Ga. App.* 53, 54 (68 S. E. 515) that continuances in criminal cases are not governed by the strict rules of civil cases and that the motion should be granted "whenever the principles of justice appear to demand a postponement." Nevertheless, in civil and criminal cases alike, there is some discretion upon the part of the trial court, and this court is limited to the decision merely of whether the decision as made constitutes an abuse of discretion. *Adams* v. *State*, 50 *Ga. App.* 507 (179 S. E. 223). The court may, in a criminal case, refuse to grant a continuance where the defendant offers no testimony that the motion is not made for delay only (*Sutton* v. *State*, 70 *Ga. App.* 499(2), 28 S. E. 2d 663) or that the witnesses are not absent by consent of the movant (*Teal* v. *State*, 17 *Ga. App.* 324(1), 86 S. E. 739), or that their testimony would be material (*Thompson* v. *State*, 55 *Ga.* 47(1)). The motion here was subject to all of these defects, the only evidence urged in favor of the continuance being that two witnesses had been subpoenaed and that they would "testify materially to the same thing and things as would witnesses who were present in the courtroom," without showing, however, what things this testimony would relate to or how material it was to the defense of the case. There was no abuse of discretion in denying the motion.

(b) "When a motion for new trial is made on the ground of newly-discovered evidence, it must appear by affidavit of the movant and each of his counsel that they did not know of the existence of such evidence before the trial, and that the same could not have been discovered by the exercise of ordinary diligence. If the newly-discovered evidence is that of witnesses, affidavits as to their residence, associates, means of knowledge, character and credibility must be adduced." Code § 70-205. No supporting affidavits by counsel, the defendant, or persons acquainted with the deponents who made oath to the alleged newly discovered facts are attached to the affidavits of such prospective witnesses, and accordingly special grounds 3 and 4 are not in proper form for consideration by this court. *Polite* v. *State*,

78 *Ga.* 347; *Williams* v. *State,* 9 *Ga. App.* 818 (72 S. E. 301).

■ While disobedience on the part of a witness of the sequestration rule may be punished as a contempt (*Hoxie* v. *State,* 114 *Ga.* 19(8), 39 S. E. 944), it does not render the testimony of such witness incompetent as a matter of law. *Taylor* v. *State,* 132 *Ga.* 235(2) (63 S. E. 1116). Special ground 6 shows no cause for reversal.

■ Error is assigned in special ground 5 on the refusal of the court to allow counsel for the defendant to inquire of the prosecutrix, "Did anyone receive anything for you?" referring to sums allegedly paid by the defendant in settlement of previous warrants to the father of the prosecutrix. This court is of the opinion that the question was a proper subject for cross-examination; however, the witness had just testified, "I did not as a matter of fact take some $300 of Mr. Scoggins' money. I mean to say that I have not received $300 from Mr. Scoggins since I took out this warrant, and my father did not receive it." She further testified that her mother told the defendant's wife in her presence, in answer to a question of what it would take to settle the matter, that they were going to court with it. The prosecutrix' father testified positively that he received nothing from the defendant in settlement of any warrant. No contention is made by the defendant that anyone other than the prosecutrix' father, acting as her agent, received any money from the defendant. Accordingly, granting that a settlement of the bastardy proceeding could have been effectuated by the parties (*Jones* v. *Peterson, Lott & Paulk,* 117 *Ga.* 58, 43 S. E. 417) either personally or through her father as her agent, it appears that the witness had already testified that there was no such transaction in this case. The refusal to permit the question to be asked again in another form was accordingly not error.

■ A witness having suitable opportunities for observation may state whether a person was intoxicated and to what extent. *Durham* v. *State,* 166 *Ga.* 561 (144 S. E. 109); *Hammond* v. *State,* 212 *Ga.* 186 (91 S. E. 2d 615). Accordingly, the statement of the prosecutrix who had spent three days with the defendant in a hotel room and testified to numerous acts of sexual intercourse that "Mr. Scoggins was doing the drinking,

but he wasn't so drunk he didn't know what he was doing" was not objectionable as stating a conclusion.

■ The statement of the trial court while counsel was examining a witness as follows: "That is more in the nature of a cross-examination. I think it is too indefinite to be admitted," is not such an expression of opinion on a fact in evidence as to contravene the provisions of Code § 81-1104.

■ In a bastardy proceeding the defendant, to be convicted, must be shown beyond a reasonable doubt to have been the father of the child in question, and to have failed to give bond for the support of such child. *Kennedy* v. *State*, 9 *Ga. App.* 219 (3) (70 S. E. 986). The defendant here relied solely on the defense that he was not the father of the child in question; that the character and activities of the prosecutrix were such that it was impossible for her to determine who the father was, and that it was impossible for him to have been the father since his only acts of intercourse with her occurred either at the end of February or in the Atlanta hotel during the month of June. It was proved that the child was born on December 26, and there was medical evidence that it was a full nine-month baby, thus rendering it a practical impossibility for the child to have been conceived during the times when the defendant admitted having relations with the mother. The prosecutrix testified, however, "After that occasion [in the latter part of February] then I continued to have sex relations with Mr. Scoggins, and that took place in his car, and in a hotel in Atlanta. . . I did have sexual relations with Mr. Scoggins during the month of March last year, and also during the month of April 1957, and the months of May and June, 1957, and also in July." The question of when the acts took place was accordingly for the jury, and there was sufficient evidence from which they would be authorized to find that the time thereof coincided with the normal period of gestation. An issue of fact was also presented on the question of whether the prosecutrix had relations with other men, a fact vigorously denied by her. It is contended that the prosecutrix was impeached because she testified to certain events as having occurred which are so egregiously beyond the bounds of physical probability as to render anything she might

have said unworthy of belief, but this too is a matter for the jury and not for this court. Code § 38-1805. It cannot accordingly be said that the verdict was unauthorized. No error of law appearing, and the verdict having the approval of the trial court, it cannot be disturbed by this court.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*