### 21876. CARROLL v. CRAWFORD.

SUBMITTED JANUARY 14, 1963—DECIDED FEBRUARY 11, 1963.

*W. P. Johnson, C. C. Perkins, Shirley C. Boykin,* for plaintiff in error.

*Aubrey Gilbert, Henry Head, Gilbert & Head,* contra.

QUILLIAN, Justice. ■ The plaintiff in error urges that the trial

court erred in failing to grant a continuance in the absence of a material witness, and points out that the witness was subpoenaed, that she lived in Carroll County, and that the plaintiff expected to have the witness in court to prove her case. In order that the discretion of the trial judge be controlled where a continuance is sought because of the absence of a witness, eight requirements as set out in *Code Ann.* § 81-1410 must be shown. Where as in this case the statutory requirements are not met, it is no abuse of the judge's discretion to deny a continuance. *Carr v. Dickson,* 58 Ga. 144; *Cobb v. State,* 110 Ga. 314 (35 SE 178); *Tompkins v. American Land Co.,* 139 Ga. 377 (1) (77 SE 623).

■ Error is assigned on the trial judge's failure to exclude certain evidence brought out on cross-examination regarding a past indictment of the mother for abandonment and as to her second husband serving time for abandonment. The mother was required to answer inquiry as to whether her second husband was convicted and sent to prison for abandonment and as to whether she had been indicted for abandonment; her present husband was permitted to testify that he had been out of the penitentiary for eight months. In both instances counsel for the plaintiff objected on the ground that the records would be the highest and best evidence.

*Code* § 38-203 provides: "The best evidence which exists of the facts sought to be proved shall be produced, unless its absence shall be satisfactorily accounted for." As declared by decisions of this court, permitting a witness to testify as to prior convictions is error, for the judgment of the court in which the witness was convicted is the highest evidence (*Howard v. State,* 144 Ga. 169 (2), 86 SE 540; and *Swain v. State,* 151 Ga. 375 (4), 107 SE 40), and the indictment itself is the best evidence as to whether a person has been charged with a crime. *Whitley v. State,* 188 Ga. 177, 180 (3 SE2d 588). Hence, it was error in the case we now review for the trial judge to allow testimony on cross-examination as to past indictment and conviction of the witnesses over the objection that such was not the highest and best evidence.

■ The plaintiff in error also assigns error on the grant of the

motion for nonsuit. Counsel for the defendant in error, in this connection, points out that the plaintiff testified that the same conditions existed at the time she got her divorce in Alabama and now exist; she has never been permitted to see the child, give her gifts or otherwise communicate with her, and that the conditions have existed from the time the divorce was granted in Alabama to the present date.

This testimony was clearly only with reference to the mother's not being allowed to see her child, and has no relevance to cruel treatment of the child, upon which the plaintiff also relies. Therefore, the rule that where the plaintiff's evidence establishes the existence of undisputed facts which show that he is not entitled to a verdict it is proper for the court to grant a nonsuit (*Taylor v. Gates*, 206 Ga. 880 (1), 59 SE2d 365), would not be applicable here. There is no requirement that the plaintiff be nonsuited because of failure to prove every allegation of his petition. *Garrett v. Morris & Co.*, 104 Ga. 84, 88 (30 SE 685); *Hixon v. Cubine*, 182 Ga. 446 (185 SE 714); *Sewell v. Anderson*, 197 Ga. 623 (6, 7) (30 SE2d 102).

Where there is sufficient evidence to authorize the jury to find for the plaintiff, although it is not sufficient to require them to do so, a nonsuit will not be granted. *Phillips v. Brigham, Kelly Co.*, 26 Ga. 617 (1) (71 AD 227). The plaintiff need only produce evidence to prove the case as laid, regardless of whether a cause of action is set forth. *Clark v. Bandy*, 196 Ga. 546 (27 SE2d 17).

Applying these above-stated principles to the instant case, it appears that the plaintiff produced evidence that the father had been drinking, that he beat the child, and that there were scars and bruises on the child's body, where she had been whipped; that these occurrences had transpired since the original divorce and custody decree in Alabama. Hence, there was some evidence as to change of condition affecting the welfare of the child since the previous decree. Under such circumstances, the grant of the nonsuit was improper.

*Judgment reversed. All the Justices concur.*