## 42691. BEASLEY v. THE STATE.

Bell, Presiding Judge. The defendant-appellant seeks a reversal of his conviction and sentence for the offense of "shooting at another."

1. Error is enumerated on the denial by the trial judge of the appellant's motion for a continuance on the ground of the absence of a witness. There are eight statutory requirements each of which must be met before the appellate courts may review a trial judge's discretion in denying a motion for a continuance on this ground. These are (1) that the witness is absent (2 )that he has been subpoenaed (3) that he does not reside more than 100 miles from the place of trial by the nearest practical route, (4) that his testimony is material, (5) that the witness is not absent by permission (directly or

indirectly) of the movant, (6) that movant expects to be able to procure the testimony of the witness at the next term of court, (7) that the continuance is not requested for purposes of delay but to enable the party to procure the testimony of the absent witness and, (8) the facts expected to be proved by the absent witness must be stated. *Code Ann.* § 81-1410. Here the record is silent with respect to the statutory essentials numbers 3 and 6 above and at best is unpersuasive with respect to essential 4. Under these circumstances the judge's exercise of discretion in denying the continuance will not be disturbed. *Carroll v. Crawford,* 218 Ga. 635, 637 (1) (129 SE2d 865); *Smith v. State,* 170 Ga. 234 (1) (152 SE 482); *Evans v. State,* 167 Ga. 261, 262 (1) (145 SE 512); *Teal v. State,* 17 Ga. App. 324 (1) (86 SE 739); *McClain v. State,* 17 Ga. App. 750 (1) (88 SE 409).

2. The remaining 5 enumerations, though paraphrased, contend only that the evidence did not support the verdict of guilt but demanded an acquittal. These grounds have no merit. As shown by the sworn testimony of the defendant and the person shot, the evidence is undisputed that the defendant did in fact shoot the other with a .22 caliber pistol. The evidence revealed the events, facts and circumstances preceding, including and following the shooting which were sufficient to authorize the jury to find the defendant guilty of the statutory offense of shooting at another. *Perry v. State,* 104 Ga. App. 383 (121 SE2d 692); *Polhill v. State,* 67 Ga. App. 325 (20 SE2d 200); *Fallon v. State,* 5 Ga. App. 659 (63 SE 806); *Harris v. State,* 120 Ga. 167 (47 SE 520); *Baldwin v. State,* 120 Ga. 188 (1) (47 SE 558).

*Judgment affirmed. Jordan and Pannell, JJ., concur.*

SUBMITTED APRIL 4, 1967—DECIDED MAY 26, 1967—
REHEARING DENIED JUNE 8, 1967.

*W. Owen Slate, Charles W. Bergman,* for appellant.

*Lewis R. Slaton, Solicitor General, Jess H. Watson, J. Walter LeCraw, Amber W. Anderson,* for appellee.