24766.    MORGAN v. THE STATE.

SUBMITTED SEPTEMBER 9, 1968—DECIDED SEPTEMBER 24, 1968.

*Jack T. Griffith, Jewell T. Hendrix,* for appellant.

*Glenn Thomas, Jr.,* Solicitor General, *Alaimo & Taylor, Anthony A. Alaimo, Arthur K. Bolton,* Attorney General, *Marion O. Gordon,* Assistant Attorney General, *John W. Hinchey,* for appellee.

MOBLEY, Justice. Clifton Deen Morgan was convicted of the offense of rape and was sentenced to death. His appeal assigns error on the failure of the court to grant his motion for continuance, and motion for postponement, and on the failure to charge on insanity.

█ The defendant was arrested on December 23, 1966; two counsel were appointed to represent him on January 3, 1967;

he was indicted on January 13, 1967, on the charges of rape, robbery by force, and kidnapping; and on January 16, 1967, he was tried for the offense of rape. Motion for continuance was made on the ground that counsel had not had time to make an adequate investigation of the facts and prepare a proper defense for the defendant. When this motion was denied, counsel made an oral motion for postponement on the same ground.

The appeal indicates that counsel for the defendant made no showing as to what additional investigation should be made of the facts of the alleged crime, nor any showing that additional witnesses might be obtained that had not been subpoenaed. The statement by counsel that they had not had time to make an adequate investigation of the facts and prepare a proper defense is a mere conclusion. *Foster v. State*, 213 Ga. 601, 603 (100 SE2d 426). No intricate questions of law or fact were involved in the case. There was no question of identity of the accused, since he was arrested while still detaining his victim.

Motions for continuance and postponement are addressed to the discretion of the trial judge, and no abuse of discretion is shown in the present case. Compare: *Cannady v. State*, 190 Ga. 227 (9 SE2d 241); *McLendon v. State*, 205 Ga. 55 (2), 58 (52 SE2d 294); *Harris v. State*, 211 Ga. 327 (1), 328 (85 SE2d 770); *Hall v. State*, 213 Ga. 557 (1) (100 SE2d 176); *Jones v State*, 214 Ga. 828 (108 SE2d 327). The cases cited by counsel for the defendant are clearly distinguishable on their facts from the present case.

■ Where the issue of insanity at the time of the commission of an alleged offense is made by the evidence, it is mandatory for the trial judge to charge the provisions of Ga. L. 1952, pp. 205, 206 (*Code Ann.* § 27-1503), relating to the form of the jury's verdict in case they should find the defendant not guilty by reason of insanity. *Bailey v. State*, 210 Ga. 52 (77 SE2d 511); *Sanford v. State*, 217 Ga. 825 (1) (125 SE2d 478).

It is contended that the evidence for the defendant made an issue as to the sanity of the defendant, and that it was error for the trial judge to fail to charge on insanity. The evidence relied on to make this question is summarized as follows:

Mrs. Ollie Lee Morgan, the defendant's mother, testified that:

When the defendant was twelve years of age he was present when she was forced to kill her husband, the defendant's father. After this occurrence the defendant began having severe headaches on occasions, and became moody, depressed, and nervous. When he has the severe headaches, he sometimes becomes violent, and sometimes wanders off by himself. He does not appear to remember the incidents later. She believes that he is in need of psychiatric treatment, and she has entertained the idea of having a lunacy warrant issued for him because of his actions.

Mrs. Carol Faye Morgan, the defendant's wife, testified: On some evenings the defendant would come in from work with a terrible headache, and was like a different person; he would break up things, and act like a crazy person. On one occasion when he had a headache he knocked some dishes on the floor and broke all of them. He had hit her. After these incidents he would appear not to know that they had happened. It was not his normal behavior. Because of his actions on these occasions, she believes him to be suffering from mental disorders, and she has tried to get him to seek psychiatric help.

Charlie Mitchell Smithy, a friend of the defendant, testified: On one occasion the defendant hit the witness and then appeared not to know that he had done it. The defendant complained of headaches, and when he had these headaches he appeared to have no control of himself. At one time the witness was with the defendant when the defendant was driving a car; the defendant was complaining of a headache, and ran into a ditch, and appeared to be in a daze. On one occasion the witness was at the defendant's home when the defendant was complaining of a headache, and the defendant tore up a couple of tables and broke some dishes.

Carl Ellis Choate, the defendant's companion on the night of the alleged crime, testified that the defendant complained of a headache on that evening and took about six aspirin tablets.

None of the evidence in the case presented any issue of either total or delusional insanity of the defendant. *Floyd v. State,* 143 Ga. 286 (6) (84 SE 971); *Rozier v. State,* 185 Ga. 317, 320 (2) (195 SE 172). If the testimony raised any question of in-

sanity, it is that of temporary insanity on the occasions when the defendant had severe headaches and committed violent acts, or appeared to be in a daze. For a discussion of temporary insanity, see *Drewry v. State*, 208 Ga. 239, 240 (2) (65 SE2d 916). The companion of the defendant at the time of the alleged offense testified that the defendant complained of a headache on that evening, but this witness did not testify to any violent acts accompanying the headache similar to those which the other witnesses had related. All of the evidence concerning the perpetration of the crime of rape indicated that the defendant had a calm and calculated intent to commit the offense, and there was no evidence that it was an act done in a temporary frenzy of insanity.

Since there was no evidence that the defendant was suffering from temporary insanity at the time of the commission of the crime with which he was charged, it was not error for the judge to fail to charge on the provisions of *Code Ann.* § 27-1503. Compare *Davis v. State*, 216 Ga. 110, 111 (2) (114 SE2d 877).

*Judgment affirmed. All the Justices concur.*