44150. NEAL v. THE STATE.

JORDAN, Presiding Judge. The defendant appeals from a judgment and sentence for assault with intent to rape. *Held:*

1. Under the facts as disclosed by the record and transcript in the present case, and in the absence of a clear showing of an abuse of discretion, this court will not interfere with the

action of the trial court in refusing to grant a continuance and in requiring counsel to proceed with the trial of the case. Counsel was appointed on December 13, 1967, and the trial was conducted on January 11, 1968, one day's delay having been allowed upon call of the case for trial. Counsel in support of her motion stated that after her appointment she had been ill with influenza for about two weeks, that before her illness her child had also had influenza, that she had been unable to talk with her client except one time, and that she had not been able to investigate the case fully. There is nothing in the record and transcript to disclose even the remote possibility of any lead whereby counsel with additional time could have developed anything further to support a defense for her client, who was apprehended in the vicinity of the alleged offense immediately after the victim broke away from him and hailed two policemen, who had observed her with the accused under circumstances tending to corroborate her version of attempted coercion, including the use of a pistol. See *Code* § 81-1419; *Morgan v. State*, 224 Ga. 604, 605 (163 SE2d 690) ; *Foster v. State*, 213 Ga. 601, 603 (100 SE2d 426) ; *Hunter v. State*, 65 Ga. App. 766, 768 (16 SE2d 500).

2. Under the circumstances here shown, the trial judge did not err in admitting a pistol in evidence identified by the policeman who apprehended the accused immediately after the alleged offense occurred, even though it is not clear from the transcript whether the witness identified the pistol by number or some other means. Moreover, there is no issue of fact concerning such a weapon, for later the accused freely admitted in open court that he had a "gun" in his possession and made its presence known to the victim, but for reasons contradictory to the testimony of the victim.

3. The verdict being supported by the evidence, the trial judge did not err in overruling a motion for new trial limited solely to the general grounds.

*Judgment affirmed. Hall and Whitman, JJ., concur.*

ARGUED JANUARY 14, 1969—DECIDED FEBRUARY 5, 1969—REHEARING DENIED FEBRUARY 19, 1969—

*William T. Traylor, Louise T. Hornsby,* for appellant. .

*Lewis R. Slaton, Solicitor General, J. Roger Thompson, J. Robert Sparks, Tony H. Hight,* for appellee.