### 44697. SMITH v. THE STATE.

PANNELL, Judge. The defendant's motion for continuance based on two grounds was denied by the trial judge on January 15,

1969, one ground being that his attorney had not had sufficient time within which to prepare the case for trial and the second being that a witness subpoenaed by the defendant was not available for the trial. The facts are substantially as follows: the alleged crime was committed on May 4, 1968, and the defendant was indicted July 10, 1968, and after his arrest was in jail for two weeks before making bond. While there, he conferred with two attorneys, one of whom was leading counsel who had associated another attorney with him to assist in the trial of the case. At the October, 1968, term of court, at which associate counsel was not present and was not informed of the occurrence, the leading counsel moved for a continuance based on his illness and his inability to prepare the case for trial and a continuance was granted upon terms until an adjourned term to be held beginning January 13, 1969, the terms being that if leading counsel was unable to prepare for trial he would retire from the case and allow other counsel to prepare and try the case. The defendant was present at the time of the motion for continuance at the October term, 1968, but stated he merely understood that his case was continued until his counsel would be able to try the case. In the latter part of November, 1968, or the early part of December, 1968, the leading counsel had a heart attack and did not go to his office from that time until the time of trial. His illness was well known in the community. Associate counsel was notified the early part of January that the case would be tried at the adjourned term which began on January 13. A subpoena for the absent witness was issued on Friday, January 10, at which time it was apparently known to the defendant that the witness was in Florida. A contact was made with this witness by telephone and he informed the sheriff that he was not coming to testify unless he was forced to do so. The place in Florida where the witness was located was several hundred miles from the place of trial. The defendant contended that this witness could testify that the killing of the deceased was an act of self-defense on the part of the defendant although no details of this expected testimony were submitted to the court. *Held:*

1. Motions for continuance are addressed to the final discretion of the trial judge and in the absence of clear showing of the abuse of discretion, this court will not interfere with the action of the trial judge in refusing to grant a continuance

and in requiring counsel to proceed with the trial of the case. *Neal v. State,* 119 Ga. App. 218 (166 SE2d 740); *Morgan v. State,* 224 Ga. 604, 605 (163 SE2d 690). The statement by counsel that he had not had time to make an adequate investigation of the facts and to prepare a proper defense of the case because of prior commitment to other matters was a mere conclusion. *Id.*

2. "In all applications for continuances upon the ground of the absence of a witness, it shall be shown to the court that the witness is absent; that he has been subpoenaed; that he does not reside more than 100 miles from the place of trial by the nearest practical route; that his testimony is material; that such witness is not absent by the permission, directly or indirectly, of such applicant; that he expects he will be able to procure the testimony of such witness at the next term of the court; and that such application is not made for the purpose of delay, but to enable the party to procure the testimony of such absent witness; and must state the facts expected to be proved by such absent witness." *Code* § 81-1410, as amended by the Act of 1959 (Ga. L. 1959, p. 342; *Code Ann.* § 81-1410). It is clearly apparent that some of these requirements have not been met. Under these circumstances this court will not review the trial judge's discretion in denying the motion for continuation based on this ground. *Beasley v. State,* 115 Ga. App. 827 (156 SE2d 128).

3. The evidence was sufficient to authorize the verdict of the jury and, there being no error shown, the judgment of conviction and sentence is affirmed.

*Judgment affirmed. Quillian and Evans, JJ., concur.*

Submitted September 11, 1969—Decided October 6, 1969.

*Cowart & Cowart, Dan S. Cowart,* for appellant.
*J. Max Cheney, District Attorney,* for appellee.