## 47828. KELLER v. THE STATE.

CLARK, Judge. In this case in which defendant was found guilty of arson in the first degree in violation of Code § 26-1401 the sole question is the correctness of the overruling of a motion for continuance made in limine based upon the absence of two allegedly material witnesses, one of whom had been subpoenaed. The unsubpoenaed witness was the defendant's son. After the state stipulated as to the testimony which would have come from these witnesses but not as to the truthfulness thereof, the continuance was denied. This stipulation recited both witnesses would have testified

as to defendant having been in Atlanta at certain hours on the night the offense was committed. During the trial defendant's uncle testified concerning his having been with defendant in Atlanta that night up to 11 p.m. Thus the testimony from the absent witnesses was basically corroborative in nature. All of this would have been directly contradictory to the eyewitness who swore she had seen the accused light the fire that resulted in the burning of his ex-wife's trailer.

According to *Beasley v. State,* 115 Ga. App. 827 (156 SE2d 128), "There are eight statutory requirements each of which must be met before the appellate courts may review a trial judge's discretion in denying a motion for a continuance on this ground [absence of a witness]. These are (1) that the witness is absent (2) that he has been subpoenaed (3) that he does not reside more than 100 miles from the place of trial by the nearest practical route, (4) that his testimony is material, (5) that the witness is not absent by permission (directly or indirectly) of the movant, (6) that movant expects to be able to procure the testimony of the witness at the next term of court, (7) that the continuance is not requested for purposes of delay but to enable the party to procure the testimony of the absent witness and, (8) the facts expected to be proved by the absent witness must be stated. Code Ann. § 81-1410."

"It was pointed out in *Hobbs v. State,* 8 Ga. App. 53, 54 (68 SE 515) that continuances in criminal cases are not governed by the strict rules of civil cases and that the motion should be granted 'whenever the principles of justice appear to demand a postponement.' Nevertheless, in civil and criminal cases alike, there is some discretion upon the part of the trial court, and this court is limited to the decision merely of whether the decision as made constitutes an abuse of discretion. *Adams v. State,* 50 Ga. App. 507 (179 SE 223)." *Scoggins v. State,* 98 Ga. App. 360, 362 (106 SE2d 39).

Although there is some question as to whether all eight stated requirements have here been shown, we prefer to make our decision on the basis that the trial court did not abuse the discretion which he has in passing upon such continuance motions. "Motions for continuance are addressed to the final discretion of the trial judge and in the absence of clear showing of the abuse of discretion, this court will not interfere with the action of the trial judge in refusing to grant a continuance and in requiring counsel to proceed with the trial of the case. *Neal v. State,* 119 Ga. App. 218 (166 SE2d 740); *Morgan v. State,* 224 Ga. 604, 605 (163 SE2d 690)." *Smith v. State,* 120 Ga. App. 448 (1) (170 SE2d 832). This is particularly true in view of the state having stipulated as to the testimony of the absent witnesses even though the truthfulness thereof was not conceded. See *Albany Federal Savings &c. Assn. v. Henderson,* 198 Ga. 116 (2) (31 SE2d 20).

*Judgment affirmed. Hall, P. J., concurs. Evans, J., concurs specially.*

SUBMITTED JANUARY 8, 1973 — DECIDED FEBRUARY 7, 1973.

*James P. Brown, Jr.,* for appellant.

*Edward E. McGarity, District Attorney,* for appellee.

EVANS, Judge, concurring specially. The majority opinion in this case holds that the trial judge has a discretion to refuse a continuance in a criminal case because of the absence of a material witness, and affirms the judgment refusing such continuance for that reason. I do not believe that such discretion resides in the trial judge, where a defendant in a criminal case moves for continuance because of absence of a witness, and shows that he has complied with all of the requirements of the statute, to wit, Code Ann. § 81-1410 (Ga. L. 1959, p. 342). All of the authorities I have read on the subject as to the trial court's discretion are premised on cases where there was not a full compliance with the statute. See *Adams v. State,* 50 Ga. App. 507, 509 (179 SE2d 223); *United Motor*

*Freight Terminals v. Driver,* 75 Ga. App. 571 (1) (44 SE2d 156), and cits. In *Carroll v. Crawford,* 218 Ga. 635, 638 (129 SE2d 865) it is held: "In order that the discretion of the trial judge be *controlled* where a continuance is sought because of the absence of a witness, eight requirements as set out in Code Ann. § 81-1410 must be shown. Where as in this case the statutory requirements are not met, it is no abuse of the judge's discretion to deny a continuance. *Carr v. Dickson,* 58 Ga. 144; *Cobb v. State,* 110 Ga. 314 (35 SE 178); *Tompkins v. American Land Co.,* 139 Ga. 377 (1) (77 SE 623)." (Emphasis supplied.)

In the case sub judice, the defendant did not show a full compliance with the statute, and the trial court properly overruled his motion for a continuance for that reason.