## 31142. MAHONE v. THE STATE.

NICHOLS, Chief Justice.

Thomas James Mahone was jointly indicted and tried with Firm Pierce for the armed robbery of the Home Federal Savings & Loan Association in Columbus,

Georgia. The conviction of Firm Pierce was affirmed in *Pierce v. State,* 235 Ga. 237 (219 SE2d 158) (1975). Mahone's motion for new trial, based upon the usual general grounds, was overruled and the present appeal filed.

1. The evidence authorized the verdict. See *Pierce v. State,* supra.

2. The contention that the trial court erred in admitting Mahone's confession into evidence is without merit. A Jackson v. Denno, 378 U. S. 368, hearing outside the presence of the jury was held and the evidence there adduced, while not without conflict, authorized the admission of such confession into evidence.

3. The sole remaining enumeration of error contends that the trial court erred in overruling a motion for mistrial, made while a police officer was reading the confession of the co-defendant Pierce to the jury. While reading this confession, the police officer inadvertently referred to the defendant Mahone by name. When the motion for mistrial was made, the court in explicit terms instructed the jury to disregard any reference that it may have heard to the defendant Mahone. Later during the reading of the same statement, the police officer again inadvertently referred to Mahone by name and again the jury was instructed that such reference should be disregarded.

Under the provisions of Code § 38-414, the confession of one joint offender, made after the enterprise has ended, is admissible only against himself. See also *Hill v. State,* 232 Ga. 800 (1) (209 SE2d 153) (1974). However, where as in this case, the confession of the appellant was introduced into evidence and such confession clearly showed the defendant's guilt, the error in reading this appellant's name while presenting the confession of his joint-indictee to the jury was harmless error. See *Munsford v. State,* 129 Ga. App. 547 (199 SE2d 843) (1973).

The evidence authorized the verdict and the trial court did not err in overruling the appellant's motion for new trial.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 17, 1976 — DECIDED JUNE 22, 1976.

*Allison W. Davidson,* for appellant.
*E. Mullins Whisnant, District Attorney, William J. Smith, Assistant District Attorney, Arthur K. Bolton, Attorney General,* for appellee.