## 53580. GAMARRA v. THE STATE.
## 53581. FRANCISCO v. THE STATE.

BANKE, Judge.

The defendants appeal from their convictions of robbery.

The defendants were jointly tried and convicted for robbing an Atlanta hotel guest of her gold bracelet, some cash, an American Express card, and other items. The evidence places both defendants in the hotel at the time of the robbery and places them in a clothing store together the next day when defendant Gamarra tried to use a credit card bearing the victim's name. The defendants

also gave confessions which matched in all respects. Each confession implicated both defendants.

1. Each defendant enumerates as error the trial court's admission in evidence of his confession and waiver of counsel. The defendants claim that their statements were not made voluntarily and that they were not informed of their rights under Miranda v. Arizona, 384 U. S. 436 (1966). We find their enumerations of error in this respect to be without merit.

"Factual and credibility determination of this sort made by a trial judge after a suppression hearing must be accepted by appellate courts unless such determinations are clearly erroneous. See Lego v. Twomey, 404 U. S. 477 (92 SC 619, 30 LE2d 618) (1972), and United States v. Watson, 469 F2d 362 (5th Cir. 1972)." *Johnson v. State,* 233 Ga. 58 (209 SE2d 629) (1974). There were conflicts in the evidence concerning the voluntariness of the defendants' statements and the advising of their Miranda rights. However, upon a review of this record we hold that the decision of the trial judge in favor of admissibility was not erroneous or an abuse of discretion.

2. The defendants each contend that the court erred in admitting the other's confession and in denying their motions to sever made during the course of the trial. It is claimed that the trial judge's actions violated the defendants' right to be confronted by witnesses against them. See Bruton v. United States, 391 U. S. 123 (1968). There is no Bruton violation, however, when the testimony presented in the co-defendant's confession is supported by the complaining defendant's own confession. See Schneble v. Florida, 405 U. S. 427 (1972); *Baker v. State,* 238 Ga. 389 (2) (233 SE2d 347); *Mahone v. State,* 237 Ga. 120 (3) (227 SE2d 16) (1976). Thus, we find that the court's admission in evidence of the confessions did not violate the defendants' Fifth and Fourteenth Amendment right of confrontation.

3. The defendants enumerate as error the trial judge's denial of their motions for a continuance. On the second day of the three day trial, and sixty-two days after the defendants were first indicted, the defendants claimed to have obtained newly discovered evidence, a credit card charge slip with a forged signature dated one day before

the robbery, which apparently would have indicated that the defendants did not rob the victim of her credit card. Defendant Francisco's attorney stated that he had subpoenaed two persons from a store in Columbus, Georgia, to attend the Fulton County trial. The subpoenas would have been served within twenty-four hours of the third day of the trial. On the morning of the third day of trial, when the allegedly subpoenaed witnesses failed to appear, both defendants sought a continuance.

The trial judge refused to grant the continuance. He noted that there was no evidence that the requirements of Code Ann. § 38-801 (Ga. L. 1966, p. 502, as amended), dealing with the issuance of subpoenas, had been met. The judge did not feel that the defendants had exercised due diligence in acquiring the presence of the desired witnesses.

We must support the trial judge's decision. Although there is some question as to whether all eight stated requirements (of Code Ann. § 81-1410 (Ga. L. 1959, p. 342) for obtaining a continuance based on the absence of a witness) have here been shown, we prefer to make our decision on the basis that the trial court did not abuse the discretion which he has in passing upon such continuance motions. " 'Motions for continuance are addressed to the final discretion of the trial judge and in the absence of clear showing of the abuse of discretion, this court will not interfere with the action of the trial judge in refusing to grant a continuance and in requiring counsel to proceed with the trial of the case. *Neal v. State,* 119 Ga. App. 218 (166 SE2d 740); *Morgan v. State,* 224 Ga. 604, 605 (163 SE2d 690).' *Smith v. State,* 120 Ga. App. 448 (1) (170 SE2d 832)." *Keller v. State,* 128 Ga. App. 129, 131 (195 SE2d 767) (1973). We do not find a clear showing of abuse of discretion by the trial judge.

4. The defendants claim that the court erred in refusing to admit in evidence the charge slip dated one day before the robbery, which was the newly discovered evidence discussed in Division 3, above. It was the judge's opinion that proper foundation had not been laid, and we find no error in that holding. There is no evidence authenticating the document as a charge slip made upon the purchase of merchandise. The fact that a document

appears to be what a party contends it is can not be considered sufficient authentication. See *Pierce v. Dennett,* 163 Ga. 471 (5) (136 SE 440) (1926); *Taylor v. State,* 44 Ga. 263 (3) (1871); *Fraternal Relief Assn. v. Edwards,* 9 Ga. App. 43, 53 (70 SE 265) (1910).

5. The defendants suggest that the following argument by the state constituted a comment upon their failure to testify and that a mistrial was required: "Mr. Brown was brought in here by the defendants, the same as Officer Moore could have been brought by the defendants to tell what he knew or did not know. They chose not to do so, but they had their remedies if they wanted them and they didn't choose to exercise them; what Officer Moore would have testified."

Of course, the state may not comment upon a defendant's failure to testify. However, the prosecutor may properly draw inferences in his argument from the nonproduction of witnesses. *Montgomery v. State,* 140 Ga. App. 286 (3) (231 SE2d 108) (1976); *Vaughn v. State,* 126 Ga. App. 252 (11) (190 SE2d 609) (1972). The above argument simply amounts to a comment upon the defendants' failure to produce a witness. No error appears.

6. The defendants enumerate as error the admission in evidence of a picture allegedly of the defendant Gamarra's arm. Because no foundation for the picture was laid, the court's ruling was in error. However, we do not see how the picture could have had any influence over the jury's determination of the case. Therefore, the error was harmless. "A defendant is entitled to a fair trial but not a perfect one, for there are no perfect trials." *Sanford v. State,* 129 Ga. App. 337 (3) (199 SE2d 560) (1973).

7. Defendant Francisco enumerates as error the court's alleged failure to suppress photographs identified by hotel employees. The photographs were not admitted in evidence, however, and the argument is meritless.

Nor was the hotel employees' in-court identification of defendant Francisco tainted by their pre-trial view of the pictures. The defendant claims that the employees who subsequently viewed the photographs were influenced in their pre-trial identification by the initials of their co-workers on the back of some of the pictures.

There is no evidence to support this claim, however.

8. The defendants' enumerations of error on general grounds are without merit.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED MARCH 7, 1977 — DECIDED MAY 5, 1977.
REHEARING DENIED JUNE 13, 1977.

*Louise T. Hornsby,* for Gamarra.
*Robert C. Ray,* for Francisco.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Donald G. Frost, Assistant District Attorneys,* for appellee.