## 54256. CHANDLER v. THE STATE.

Quillian, Presiding Judge.

The defendant appeals his conviction for violation of the Georgia Controlled Substances Act. *Held:*

1. "A motion to continue is addressed to the sound

discretion of the trial judge, and this court will not interfere unless it is clearly shown that he has abused his discretion. . . [Cits.] Where the moving party fails to make a proper showing of the requirements set forth in Code Ann. § 81-1410, the denial of a continuance motion cannot be said to be an abuse of discretion." *Jones v. State,* 135 Ga. App. 893, 896 (219 SE2d 585). Accord, *Scoggins v. State,* 98 Ga. App. 360 (2) (106 SE2d 39); *Beasley v. State,* 115 Ga. App. 827 (1) (156 SE2d 128).

The first enumeration of error is not meritorious.

2. "Where illegal evidence is admitted at the trial, it is not error to refuse the grant of mistrial if the illegal or harmful testimony can be corrected by proper instructions to the jury. . . [Cits.] The decision not to declare a mistrial is within the discretion of the trial court, and this discretion should not be interfered with unless manifestly abused." *Barrow v. State,* 235 Ga. 635, 641 (221 SE2d 416). Where the trial judge gives corrective instructions and thereafter counsel fails to request further instruction or renew his motion for mistrial, an enumeration addressed to such ground is without merit. *Clyatt v. State,* 126 Ga. App. 779, 786 (192 SE2d 417).

Enumerations of error 2 and 3 show no basis for reversal.

3. A trial judge may not judicially note a prior conviction in his own court without compliance with Code Ann. § 27-2503 (2) (Ga. L. 1974, pp. 352, 357). *Paschal v. State,* 139 Ga. App. 842, 845 (6) (229 SE2d 795). Nevertheless, in this case there is nothing to establish that the trial judge's recollection of a prior charge against the defendant which was dismissed resulted in an increased sentence. See *Munsford v. State,* 235 Ga. 38 (218 SE2d 792).

There is no merit in enumeration of error 5.

4. The evidence was sufficient to sustain the verdict. Enumerations of error 6 and 7 are therefore without merit.

5. Any question as to the excessiveness of the sentence, which was within legal limits, should be addressed to the sentence review panel as provided in Code Ann. § 27-2511.1 (Ga. L. 1974, pp. 352, 358 (amended Ga. L. 1977, pp. 1098, 1104, eff. July 1, 1977)); *Lee v. State,* 139 Ga. App. 65, 66 (227 SE2d 878); *Thomas v. State,* 139 Ga. App. 364, 365 (228 SE2d 386); *Mydell v.*

*State,* 238 Ga. 450 (2) (233 SE2d 199). Enumeration of error 8 is without merit.

6. Since the indictment and the plea of not guilty entered thereon constitute the pleadings in a criminal case, it has always been the practice in this state to permit the jury to have, in their room, the indictment. *Broughton v. State,* 186 Ga. 588, 589 (1) (199 SE 111); *Salem v. State,* 228 Ga. 186, 188 (5) (184 SE2d 650).

However, the Supreme Court has pointed out the advisability of masking or concealing extraneous or prejudicial matter contained in an indictment. *Salem v. State,* supra; *Riggins v. Stynchcombe,* 231 Ga. 589, 593 (203 SE2d 208); *Bostick v. Ricketts,* 236 Ga. 304, 305 (223 SE2d 686). Compare *Page v. State,* 120 Ga. App. 709 (1) (172 SE2d 207); *Corbin v. State,* 212 Ga. 231 (2) (91 SE2d 764). Under the circumstances of this case, it was not error to permit a copy of the indictment to go out with the jury where the only change made thereon was the deletion of a co-defendant's name and the plea he entered. Enumeration of error 4 is without merit.

*Judgment affirmed. Shulman and Banke, JJ., concur.*

Submitted July 12, 1977 — Decided September 22, 1977 — Rehearing denied October 21, 1977 — ▮

*Richard L. Powell,* for appellant.

*Richard E. Allen, District Attorney, Gayle B. Hamrick, Assistant District Attorney,* for appellee.