## 60709. ARNOLD v. THE STATE.

McMURRAY, Presiding Judge.

At the January Term, 1980, of the Clarke Superior Court the defendant was indicted for the offense of robbery "by sudden snatching" in that he allegedly did take property of value, a purse and contents, the property of another person by sudden snatching. He

was tried and convicted and sentenced to serve a term of 11 years "concurrent with any other imposed upon him." Defendant appeals. *Held:*

The sole enumeration of error is that the trial court committed reversible error in denying defendant due process of law; that is, the right to counsel of his choice, forcing the defendant to go to trial without the employed counsel of his choice but with appointed counsel. Appointed counsel had been representing the defendant for some 6 weeks and was prepared to go to trial. But last minute efforts were made to employ other counsel who did not appear for trial. Appointed counsel called to the attention of the court the fact that she did not know whether she had been replaced or not by employed counsel. The court had a hearing at which the defendant was present, with appointed counsel and the son of the attorney supposedly hired by an aunt of the defendant to either represent him or look into the matter to see if anything could be done for the defendant. During the course of this hearing the trial court asked the attorney: "Are you telling the court right now then that you are not in the case? Is that what you're telling me? You or your father?" The attorney's response was: "Correct." No motion for continuance was made. Under the status of the case it cannot be said that the trial court abused its discretion in requiring the appointed counsel to proceed with the trial of the case since she was the only counsel recognized by the court as representing the defendant, and there was no direct evidence that any counsel was privately employed to represent him in the case. Appointed counsel did not make a motion for continuance under the provisions of Code § 81-1413, nor can it be said that the absent attorney had ever become counsel for the defendant, and appointed counsel had never been released. It is true that the absence of leading counsel "shall be sufficient ground for continuance"; that is, if and upon testimony that the party cannot go safely to trial without the services of such absent counsel and that he expects his services at the next term and that said application is not made for purposes of delay only.

None of the above was present in this case. Appointed counsel stated that she had been prepared to go to trial for 3 or 4 weeks. The trial court did not err in requiring the defendant to proceed. See *McLendon v. State,* 123 Ga. App. 290 (2), 295-297 (180 SE2d 567); *Gamarra v. State,* 142 Ga. App. 196, 197-198 (3) (235 SE2d 652). No abuse of the trial court's discretion has been shown, and there is no merit in this complaint.

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED OCTOBER 8, 1980 — DECIDED

*Vicki C. Affleck,* for appellant.
*Harry N. Gordon, District Attorney,* for appellee.