63576. WILLIAMS v. THE STATE.
63577. ADAMS v. THE STATE.

DEEN, Presiding Judge.
Williams and a co-defendant, Adams, were convicted of burglary and appeal following the denial of their motions for a new trial.

1. Both defendants contend that the trial court erred in admitting statements which the other defendant gave to the police shortly after arrest. Neither of the defendants testified at trial. After a Jackson-Denno hearing, the trial court found that the statements were made voluntarily and permitted them to be read to the jury without excising the name of the co-defendant. Before each statement was read, however, the court gave the jury cautionary instructions to the effect that the incriminating statement could only be used against the defendant who made the statement. In each statement, the defendant admitted his participation in the crime and the facts are interlocking with no significant factual discrepancies. Adams' explanation of the reason he needed money and decided to commit a burglary does not contradict Williams' statement which points to Adams as the party who took the initiative during the burglary and selected the items to be stolen.

"[E]vidence of the confession of a co-defendant implicating a defendant cannot be admitted against that defendant at a joint trial where the co-defendant does not take the stand and is not available for cross-examination. *Reddish v. State,* 238 Ga. 136, 138 (231 SE2d 737) (1977); Bruton v. United States, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968). However, where the testimony presented in the co-defendant's confession is supported by the complaining defendant's own confession, there is no violation of appellant's right of confrontation. *Gamarra v. State,* 142 Ga. App. 196, 197 (2) (235 SE2d 652) (1977); *Mahone v. State,* 237 Ga. 120, 121 (3) (227 SE2d 16) (1976)." *Butler v. State,* 156 Ga. App. 89, 90 (274 SE2d 104) (1980). The mere fact that a Bruton violation exists does not require reversal of a criminal conviction unless there is a reasonable possibility that the improperly admitted evidence contributed to the conviction. Schneble v. Florida, 405 U. S. 427 (92 SC 1056, 31 LE2d 340) (1970). Here, one of the victims testified that she arrived at her home to find two black men inside. She ran around to the back of the house and saw them escaping from her back door, got a good look at their faces, and positively identified them at trial. She further testified as to the condition of the inside of her house and as to the items missing. Her husband testified that he received the stolen items from the police and there was testimony by a police officer that Williams took the police to a residence where the stolen property was recovered. This enumeration is without merit.

2. Williams also asserts the general grounds. Applying the rule in Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), we find that a rational trier of fact could have found the defendants guilty beyond a reasonable doubt. *Rachel v. State,* 247 Ga. 130 (274 SE2d 475) (1981).

3. Adams contends that the trial court erred in refusing to hear evidence on his motion to sever. The transcript shows that the trial court refused to hear the motion at trial because it had been set for a hearing twice previously and was not argued. The most recent hearing time was set for the day before trial. Assuming, without deciding, that the trial court should have heard evidence on the motion to sever, we find that no error prejudicial to the defendant resulted. Applying the rules set forth in *Cain v. State,* 235 Ga. 128 (218 SE2d 856) (1975), we find that the number of the defendants did not create a confusion of the evidence and the law applicable to each defendant, there was no danger that evidence admissible against one defendant was considered against another despite the precautionary instructions of the court (see Division 1 above), and the defenses of the defendants were not antagonistic to each other or to each other's rights.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED APRIL 5, 1982.

*Archibald A. Farrar, Jr.,* for appellant (case no. 63576).
*A. Kristina Cook Connelly,* for appellant (case no. 63577).
*David L. Lomenick, Jr., District Attorney, Ralph L. Van Pelt, Jr., Assistant District Attorney,* for appellee.